REYNOLDS T. WHITE *vs.* JOHN L. RANDALL.

Suffolk.    January 14, 1891. — February 28, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, HOLMES, & MORTON, JJ.

*Contract — Option — Condition Precedent — Performance.*

A contract in writing signed by R., an assignee of W.'s interest in letters patent numbered 207,184, recited R.'s agreement, "after a full and complete test" had been made of the invention and proved "entirely satisfactory" to R., and a stock company had been formed, to pay to W. $1,500 together with $50,000 "of the aforesaid capital stock, or said R. can pay said W. for all his right, title, and interest in invention serial number 207,184, the sum of $5,000 net cash." *Held*, that R. had the option to pay for such interest, either $1,500 and the stock, or $5,000 alone. *Held, also*, that, if R. elected to pay $5,000, the provisions as to the test and its proving satisfactory to him were conditions precedent to the performance of that promise, even if the formation of the stock company was not also a condition precedent.

CONTRACT for breach of the following agreement, dated Boston, February 8, 1887, and signed by the defendant:

"Boston, Feb. 8, 1887.   Reynolds T. White of Boston, Mass., having this date assigned to me all his right, title, and interest in certain allowance for letters patent, serial number 207,184, I hereby agree, after a full and complete test has been made of aforesaid named invention, and the same proves entirely satisfactory to me, and a stock company has been formed as the result of said invention, after which I will pay to said White the sum of fifteen hundred dollars ; also to make over or cause to be made over fifty thousand dollars of the aforesaid capital stock, or said Randall can pay said White for all his right, title, and interest in invention serial number 207,184 the sum of five thousand dollars net cash."

At the trial in the Superior Court, before *Mason*, J., there was evidence that the defendant had paid the plaintiff fifty dollars on account, and had promised to pay him $4,950 more, but had not done so.   There was no evidence that any full and complete test had been made of the invention, or that the same was entirely satisfactory to the defendant, or that any stock company had been formed.

The plaintiff contended that the defendant's agreement contained two distinct and separate contracts; that the second contract consisted of an unconditional promise on the part of the defendant to pay the plaintiff $5,000 for his interest in the invention mentioned in the agreement; and that the defendant had elected to be bound by the second contract.

The judge ruled that, while there was evidence to go to the jury upon the question of election, the agreement in question would not admit of the interpretation put upon it by the plaintiff, and ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*C. E. Hellier*, for the plaintiff.

*J. J. Feely*, for the defendant, was not called upon.

FIELD, C. J.   We think that the construction given by the presiding justice of the Superior Court to the written agreement declared on was correct.   The defendant had the option either to pay to the plaintiff for the assignment of his interest in the seller's patent, $1,500, and to make over to him $50,000 of the

capital stock of a company to be formed, or to pay him $5,000 ; but the defendant promised to do one or the other only " after a full and complete test has been made of aforesaid named invention, and the same proves entirely satisfactory to me, and a stock company has been formed as the result of said invention." Even if the formation of the stock company was not a condition precedent to the performance of the promise to pay $5,000, if the defendant elected to pay $5,000, yet we think that the other provisions we have cited were conditions precedent to the performance of that promise.        *Exceptions overruled.*