## A. C. FRARY vs. AMERICAN RUBBER Co.

Submitted on briefs Dec. 21, 1892. Decided Jan. 13, 1893.

*Contract to Serve "to our Satisfaction."*

> A stipulation in a contract employing plaintiff for a specified time to carry on defendant's business, "to our satisfaction," *held* to reserve to the defendant the absolute right to discharge the plaintiff whenever defendant might become in good faith dissatisfied with him.

Appeal by plaintiff, A. C. Frary, from an order of the District Court of Ramsey County, *Brill,* J., made August 1, 1892, denying his application for a new trial.

This action was upon the contract with the American Rubber Company set out in the opinion. The plaintiff asked judgment for his salary, for June, 1891, $250, and for damages for improperly discharging him without adequate cause, $2,250 more.

The judge directed the jury to return a verdict for the $250 only. Plaintiff excepted, and moved the court to grant a new trial. The court refused; saying:

"The contract provided that the plaintiff was to carry on the business to the satisfaction of the defendant. The parties had a right to make this contract, and the court has no authority to abrogate or disregard it. To say that plaintiff was to carry on the business, so that defendant ought to be satisfied, in other words, to the satisfaction of the court or jury, is to make a new contract. Plaintiff was not engaged to do a fixed and definite work. He was to render personal services, general in their nature, and at a place distant from the place of business of the employer. It was evidently within the contemplation of the parties that if defendant was not satisfied with the way in which he carried on the business it could discharge him. Defendant must have been in fact dissatisfied in order to warrant the discharge, but there is no evidence which would have warranted the jury in finding that defendant acted otherwise than in good faith in expressing its dissatisfaction. *Singerly* v. *Thayer,* 108 Pa. St. 291; *McCarren* v. *McNulty,* 7 Gray, 139; *Brown* v. *Foster,* 113 Mass. 136; *Rossiter* v. *Cooper,* 23 Vt. 522; *Hartford Sorghum Mfg. Co.* v. *Brush,* 43 Vt. 528; *Goodrich* v. *Nortwick,* 43 Ill. 445; *Wood Reap. & Mow. Mach. Co.* v. *Smith,* 50 Mich. 565; *Silsby Mfg. Co.* v. *Town of Chico,* 24 Fed. Rep. 893; *Tyler* v. *Ames,* 6 Lans. 280; *Heron* v. *Davis,* 3 Bosw. 336; *Gray* v. *Central R. Co.,* 11 Hun, 70; *Johnson* v. *Bindseil,* 15 Daly, 492.

*William G. White,* for appellant.

Plaintiff agreed to carry on the business at St. Paul to the satisfaction of defendant. Whenever the object of such a contract is to gratify taste, serve personal convenience or satisfy individual preference in regard to the purchase of a given article, in a word, whenever the feelings, taste or sensibilities of the promisor are involved,

in all such cases the right of decision is absolutely reserved to the
promisor, and cannot be reviewed.    But whenever the contract in-
volves those more gross considerations of operative fitness or mechan-
ical utility, or any considerations which are not strictly personal in
their nature, but are capable of being understood and appreciated by
others, then and in all such cases the promisor undertakes that he
will act reasonably and fairly and found his determination on grounds
that are just, reasonable and sensible.    In this last class of cases
his decision in point of correctness is of course subject to review by
judicial triers.    This rule is plainly announced in *Duplex Safety
Boiler Co. v. Garden,* 101 N. Y. 387, and *Wood Reap. & Mow. Mach.
Co.* v. *Smith,* 50 Mich. 565.

Cases falling in the first class are *Gibson* v. *Cranage,* 39 Mich. 49;
*Hoffman* v. *Gallaher,* 6 Daly, 42; *Brown* v. *Foster,* 113 Mass. 136;
*Zaleski* v. *Clark,* 44 Conn. 218; *McCarren* v. *McNulty,* 7 Gray, 139;
*Hartman* v. *Blackburn,* 7 Pittsb. Leg. J. 140; *Hart* v. *Hart,* 22 Barb.
606.

Cases falling in the second class, and where the right of decision
is not absolutely reserved to the promisor, but is subject to review
by judicial triers, are *Folliard* v. *Wallace,* 2 John. 395; *Burns* v.
*Munger,* 45 Hun, 75; *City of Brooklyn* v. *Brooklyn City R. Co.,* 47
N. Y. 475; *Grinnell* v. *Kiralfy,* 55 Hun, 422; *Doll* v. *Noble,* 116 N.
Y. 230.

The cases of *Tyler* v. *Ames,* 6 Lans. 280; *Spring* v. *Ansonia
Clock Co.,* 24 Hun, 175; *Gray* v. *Central R. Co.,* 11 Hun, 70; and
*Heron* v. *Davis,* 3 Bosw. 336, are New York cases, and practically
overruled by the later decisions in the same state.

Plaintiff's duties under the contract were, to manage the business
so as to make money and secure a profit, and if this was accom-
plished it would seem that he had discharged his duties "to the satis-
faction" of defendant.    If he did not, or if the business was dis-
astrous and failed under his management, then it would be equally
clear that he had not managed it "to defendant's satisfaction."    In
neither case is there any personal taste or feeling or judgment in-
volved in the matter.    If this be the true rule and a correct applica-
tion of it, then the plaintiff made a case for the jury.    It appeared

that under his management the sales and the profits were largely increased, and that the business was carefully, prudently and satisfactorily managed.

The plaintiff also claims that the defendant was really satisfied with him, but discharged him, not because of dissatisfaction, but for other and different reasons, and that its alleged dissatisfaction was not real, but simply pretended. Upon this branch of the case he claims that sufficient evidence was introduced to warrant a jury in finding in his favor. *Exhaust Ventilator Co.* v. *Chicago, M. & St. P. R. Co.*, 66 Wis. 218; *Hartford Sorghum Mfg. Co.* v. *Brush*, 43 Vt· 528; *Daggett* v. *Johnson*, 49 Vt. 345; *Lynn* v. *Baltimore & O. R. Co.*, 60 Md. 404; *Baltimore & O. R. Co.*, v. *Brydon*, 65 Md. 198; *Silsby Mfg. Co.* v. *Town of Chico*, 24 Fed. Rep. 893.

*H. J. Horn*, for respondent.

GILFILLAN, C. J. Plaintiff, then a resident of Boston, Mass., and the defendant, a corporation, whose principal place of business was the same place, entered into this contract:

"BOSTON, Dec. ——, 1890.

"We agree to pay A. C. Frary ($250) two hundred and fifty dollars per month from Jan. 1, 1891, to April 1, 1892, for his services in carrying on our business in St. Paul, to our satisfaction and under our control. AMERICAN RUBBER COMPANY.

"R. D. EVANS.

"I hereby accept the above.

"A. C. FRARY."

May 27, 1891, defendant discharged plaintiff from July 1st following, giving no other reason for it than that his conduct of its business was not to its satisfaction.

If this contract reserved to defendant the right to discharge plaintiff at any time merely because it might be dissatisfied with his conduct of the business, whether it had sufficient reason to be so or not, it may have been an injudicious one for plaintiff to consent to; but there can be no question that the parties might make such a contract, and, if that is what this contract was intended to be, they

must abide by it. In *Butler* v. *Winona Mill Co.*, 28 Minn. 205, (9 N. W. Rep. 697,) a contract of hiring left it to the hirer to determine what it should consider right and proper to pay for the services, and it was held that if it did so honestly and in good faith its determination was final. The cases—of which there are a great many in the books—involving stipulations more or less similar to that in this contract do not deny the capacity of the parties to stipulate that what is to be done by one of them shall be to the satisfaction of the other before any liability on the part of the latter shall arise, and to make his decision that he is not satisfied final. It would hardly be profitable to review the decisions in detail. Those which have refused to hold the parties to such a stipulation according to its letter have generally done so, we apprehend, not because the parties were not bound, if such were their contract, but because it was not the contract. It is a matter of construction. In construing such contracts the nature or character of the thing stipulated to be done, the chief purpose the parties had in view, are potent considerations. Where they have had in view to satisfy the taste, feelings, sensibility, or judgment of the party, the decisions have generally held that the stipulation that the thing to be done must be to his satisfaction was absolute, and his decision that it was not to his satisfaction was intended to be final and unquestionable. On the other hand, where the chief thing the parties have had in mind was to effect some definite purpose or end, of the performance of which others could judge just as well as the parties could, and which involved no considerations strictly personal, the stipulation that it should be done to the satisfaction of the party has been generally held not to be controlling. Of the first of these classes of cases, the painting of a portrait to the party's satisfaction is one instance. *Folliard* v. *Wallace*, 2 John. 395, where the contract sued on stipulated that, in case the title conveyed to the parties in fee should prove good and sufficient in law against all other claims whatsoever, they would pay a specified sum three months after they should be well satisfied that they held the land undisputed by any person whatsoever, and against all claims, is an instance within the second class. A contract employing a servant not to do a fixed and definite work, (as, for instance,

to build a specified kind of fence,) but to render personal services, general in their nature, and especially where the employment involves considerations of fitness, business capacity, integrity, trust, and confidence, such as in this case, comes within the first class. Certainly no third person could judge whether the performance should come up to what was expected when the contract was made, so well as the employer could. There is every reason to suppose that when the parties inserted the words "to our satisfaction" they meant just what they said.

There is nothing in the evidence to suggest that the defendant did not discharge plaintiff for the sole reason that it was in good faith dissatisfied with his conduct of the business.

There is nothing in any assignment not covered by what we have already said.

Order affirmed.

(Opinion published 53 N. W. Rep. 1156.)