H. E. BARNES, Appellee, v. MARY E. RAWSON, NELLIE RAWSON, LAURA RAWSON, J. M. ST. JOHN, Guardian, AND ANNA E. WOODBURY, Appellants, CRAM & MILLER, Appellees.

**Contracts:** STIPULATION AS TO ACCEPTANCE: *Right of action.* Under a contract to sink a well of sufficient depth to insure an ample supply of water for four hundred head of stock, its sufficiency to be tested by "the continual pumping of water for seventy-two hours," and providing for payment of the stipulated price by the parties upon their acceptance of the well, "as being satisfactory to them," an action for services in sinking the well cannot be maintained until the test provided for has been made, or waived, and the well accepted.

*Appeal from Sioux District Court.*—HON. G. W. WAKE-FIELD, Judge.

THURSDAY, MAY 17, 1900.

ACTION in equity to foreclose a mechanic's lien for a well. Decree for the plaintiff. The defendants Rawson and St. John, guardian, appeal.—*Reversed.*

*G. W. Pitts* and *St. John & Stevenson* and *T. F. Stevenson* for appellants.

No appearance for appellee.

SHERWIN, J.—In June, 1891, the defendants Rawson entered into a written contract with Cram & Miller, by the terms of which Cram & Miller agreed to put a well down on the defendants' premises, of sufficient depth to insure an ample supply of water for four hundred head of stock. The contract provided that the well should be tested by "the continual pumping of water for seventy-two hours; the volume of supply to be maintained throughout the test, with pump running at full capacity." The contract further provided that defendants should pay the stipulated price "upon accept-

ing the well as being satisfactory to them," and that, if there was a failure to obtain a sufficient supply of water, nothing was to be paid for the well. The plaintiff herein bored the well under a contract with Cram & Miller, and sues to recover for such service. There are several reasons why he cannot maintain his action, but we need not mention them all. It must be conceded that the plaintiff's cause of action against the defendants must be based upon the defendants' contract with Cram & Miller, and, if the defendants are not liable under that contract, plaintiff cannot recover. The test of the well provided for in the contract was was never made, nor was it waived by the defendants. The contract guarantied sufficient water for four hundred head of stock, and the test was one of the means provided for to determine the supply the well would furnish. Until the test was made, the defendants were not bound to accept the well, and no action could be maintained upon the contract. *Wiseman v. Thompson,* 94 Iowa, 607; *Jackson v. Creswell,* 94 Iowa, 713. Again, the defendants never accepted the well, but, on the contrary, insisted that the required test be made, and contended that the well would not supply the amount of water guaranteed; and the evidence wholly fails to prove that the well would at any time furnish such supply. The judgment should have been for the appellants, and the case is, as to them, REVERSED.