MOBILE, JACKSON & KANSAS CITY RAILROAD COMPANY *v.*
W. W. HAYDEN.

*(Jackson.* April Term, 1906.)

1. **VERDICTS.** Evidence of facts sufficent to support verdict in favor of plaintiff for breach of contract of employment.

Evidence of facts stated sufficient to support a verdict in favor of the plaintiff in a suit against a railroad company for the breach of its contract of employment of plaintiff, unconditionally for one year after defendant had investigated his qualifications, as chief engineer in charge of its construction work. (*Post, pp.* 674-678.)

2. **MASTER AND SERVANT.** In suit for breach of contract of employment by wrongful discharge, burden of proof of defense of incompetency rests upon defendant, when.

In a suit by the employee against the employer for a discharge in breach of a contract of employment alleged by the employer to be dependent upon the contingency that the employee should prove to be capable, efficient, and satisfactory, the burden of proof rests on the employer to show the employee's incompetency and inefficiency alleged as the cause of the discharge. (*Post, pp.* 678-681.)

Cases cited and approved: Jones v. Transportation Co. (Mich.), 16 N. W., 893; Daggett v. Johnson, 49 Vt., 345.

Cases cited and distinguished: Allen v. Compress Co. (Ala.), 14 South., 362; Cline v. Libby (Wis.), 49 N. W., 832, 32 Am. Rep., 700; Gibson v. Cranage (Mich.), 33 Am. Rep., 351; McCarren v. McNulty, 7 Gray (Mass.), 139; Tyler v. Ames, 6 Lans. (N. Y.), 280; Daniels v. Decatur Co., 99 Iowa, 440; Sax v. Railroad, 125 Mich., 252; Koehler v. Buhl, 94 Mich., 496; Frary v. Rubber Co., 52 Minn., 264; Rossiter v. Cooper, 23 Vt., 522; Evans v. Bennett, 7 Wis., 404.

Railroad v. Hayden.

**3. STATUTE OF FRAUDS.** Contract of employment to be performed in one year from acceptance and beginning of work need not be in writing.

Where in an action for the breach of a contract of employment by a wrongful discharge, it appeared that the defendant proposed to employ the plaintiff on the tenth day of August for a period of twelve months, beginning on the thirteenth day of August, which proposition the plaintiff took under advisement and thereafter, on the said thirteenth day of August, accepted the proposition and immediately on that day entered upon the discharge of his duties, the contract was not within the statute of frauds requiring contracts to be performed within the space of one year from the making thereof to be in writing. (*Post, pp.* 681-683.)

Code cited and construed: Sec. 3142 (S.).

Cases cited and approved: Leinau v. Smart, 11 Hum., 308; Deason v. Railroad, 12 Heis., 654; Railroad v. Staub, 7 Lea, 400.

**4. PLEADING AND PRACTICE.** No error in allowing amended declaration not prejudicial to defendant's rights.

The action of the trial judge in allowing an amended declaration not resulting in prejudice to the defendant's rights will not be disturbed by the supreme court, as it is a matter that addresses itself to the discretion of the trial judge, under our liberal statutes of amendment. (*Post, p.* 684.)

**5. VERDICTS.** For breach of contract of employment by a wrongful discharge allowing salary for unexpired term less amount earned at other employment is not excessive.

A verdict for more than forty dollars less than the sum stipulated as salary for the balance of the unexpired term of employment after a breach of the contract by a wrongful discharge, where the discharged employee made an honest effort to get other employment, but was unable to earn more than forty dollars, is not excessive. (*Post, p.* 684.)

116 Tenn.—43.

FROM HARDEMAN.

Appeal from the Circuit Court of Hardeman County. —T. J. EVERETT, Judge.

J. W. T. FAULKNER and C. A. MILLER, for Railroad.

W. A. PERCY, for Hayden.

MR. JUSTICE McALISTER delivered the opinion of the Court.

This is a suit brought by W. W. Hayden against the railroad company to recover damages for a breach of a contract for personal services. The trial in the court below resulted in a verdict and judgment in favor of the plaintiff for the sum of $1,260. The company appealed and has assigned errors.

The second assignment is that there is no material evidence to support the verdict.

The substance of the original and amended declarations is that "on or about the 10th day of August, 1903, the defendant railroad company made a proposition to the plaintiff to employ him as chief engineer in charge of the construction work of its line for a period of twelve months, beginning the 13th day of August, 1903, agreeing to compensate him at the rate of $2,500 per annum,

Railroad v. Hayden.

payable monthly for the first three months and at an increase over that rate of $250 for each succeeding quarter, making the rate per annum for the second quarter $2,750 per anum, for the third quarter $3,000, for the last quarter $3,250 per annum, and this plaintiff took said proposition under advisement, and thereafter, on the 13th day of August, 1903, said proposition continuing open, then and there accepted the employment and entered into the service of the defendant, and faithfully and honestly performed his duties; but the said defendant wrongfully and in violation of said contract, on the — day of February, 1904, discharged the plaintiff from its service and refused to pay him his salary then due or that he might thereafter earn, to the plaintiff's damage $1,750," etc.

The plaintiff, Hayden, testified that he was employed for a year by Mr. Stratton, the president of the company, and was to be paid at the rate of $2,500 a year, payable monthly. Plaintiff exhibited certain letters from the president, showing his employment. After working five and one-half months the plaintiff was discharged. At the date of his discharge he had been paid the salary due him up to that time, excepting for half of the month.

The plaintiff further testified as follows:

"The cause of my dismissal was the grave dissensions between Stratton (the president of the company) and Dewey (the vice president and general manager). Mr. Stratton told me that Dewey had nothing to do with me in the new construction work, and not to give Mr.

Dewey any information whatever or report to him in any manner; that I was to take orders from him (Stratton) alone. On the other hand, Mr. Dewey claimed to have entire charge of the construction work, and said to me, if I received any instructions or held any communication whatever with Stratton, that one of the two of us would have to leave the road. I conducted my work in a scientific and businesslike method and had no complaint whatever. A few days before my dismissal, in a conversation with Mr. Stratton, he complimented me on the thorough manner in which I was handling the work, stating that I had kept him in such close touch with the work that he had found it unnecessary to move his headquarters south, as he had originally intended to do, and he had been able to stay in New York, where he lived. He told me this about ten days before I was dismissed. My trouble on the road was due, in my opinion, to the working difference between Mr. Stratton and Mr. Dewey. Both of them wished to have control of the construction work. Stratton, on the one hand, told me that if I did not report to him direct that he would get another chief engineer. Dewey, on the other hand, told me the same thing."

Mr. Stratton, the president of the road, stated in his deposition that the plaintiff, Hayden, was discharged because of incompetency and for being derelict in handling the business for which he was employed, and referred counsel to Mr. F. E. Dewey, vice president and

general manager of the Mobile, Jackson & Kansas City Railroad Company, for further particulars.

On the trial of the cause, Mr. Dewey was not offered as a witness by the railroad company, nor was his deposition taken. On the contrary, just on the eve of the trial, he left for New York. Mr. Stratton, the president, in his second deposition, states "that, after being advised that the plaintiff, Hayden, was incompetent to carry out the construction, and that he was not a proper party to deal with the contractors, he was removed." Mr. Stratton does not claim in his deposition that he had any personal knowledge of the incompetency of plaintiff, Hayden, but seems to base his opinion upon information probably received from Mr. Dewey; but, as already stated, Mr. Dewey was not offered and examined as a witness on behalf of the company.

It was insisted on behalf of the company that the plaintiff was employed for one year provided his services were satisfactory, and that under the terms of employment the company had a right to discharge him whenever they became dissatisfied with his work, and their judgment in respect of this matter is final and not subject to review by the courts. Mr. Stratton, the president of the company, in his deposition, testifying as to the terms of contract, says: "It was fully understood at the time that he should have at least a year's time provided his services were satisfactory." Again he says: "If you are competent, efficient, and satisfactory, we will guaranty you a year's work." Plaintiff, Hayden, denies that

there was any such condition attached to the contract, but that, after investigating his qualifications, the company employed him unconditionally for a period of one year. It is hardly necessary to state that on all of these controverted questions of fact the verdict of the jury has settled the issue in favor of the contention of the plaintiff. We find in the record ample evidence to sustain the verdict of the jury.

The fifth assignment of error was based upon the following instruction of the trial judge, viz.: "If you believe from the proof that it was a part of the contract that the defendant could discharge the plaintiff at any time his work was unsatisfactory to them, then the burden of proof is on the defendant to show by a preponderance of the evidence that the plaintiff's work was unsatisfactory to them, and that he was derelict in his duties, and that for this reason they discharged him." Counsel for the company insists that this instruction was erroneous, and cites the case of *Allen* v. *Mutual Compress Co.*, 14 South., 362, decided by the supreme court of Alabama in 1893. In that case it appeared that, as stated in the opinion, "the defendant employed the plaintiff for a period of five months at two dollars per day to sew and tie cotton bales for the compress. After serving a little more than one month, the defendant paid the plaintiff for the time of service rendered and discharged him, claiming that under the contract he [it?] had the right to discharge the defendant [plaintiff?], whenever it became dissatisfied with the services of the

Railroad v. Hayden.

defendant [plaintiff?], and that it was the sole judge of the sufficiency of the cause. The contract in that case provided as follows: 'We guaranty to give satisfaction in sewing and tying or any other work that we may be required to do.' The defense to the complaint was that plaintiff failed to give satisfaction." The court said: "The authorities are not altogether harmonious. In some it is held that a stipulation of similar import in a contract arms the party for whose benefit it was made with unquestioned authority to consult only his own judgment, will, or feelings, and the reasonableness of the grounds of dissatisfaction is not a matter of inquiry. *Cline* v. *Libby* (Wis.), 49 N. W., 832, 32 Am. Rep., 700; *Gibson* v. *Cranage* (Mich.), 33 Am. Rep., 351, and authorities cited in note; *McCarren* v. *McNulty,* 7 Gray (Mass.), 139; *Tyler* v. *Ames,* 6 Lans. (N. Y.), 280. On the other hand, there are authorities which hold that an employer cannot dismiss his servant without actual cause. *Jones* v. *Transportation Co.* (Mich.), 16 N. W., 893; *Daggett* v. *Johnson,* 49 Vt., 345." The court held as follows: "When, therefore, one guarantees to give satisfaction, he assumes the undertaking to perform the work in such manner as to satisfy the other, and invests the latter with full power to determine the reasonableness of the cause."

Mr. Page, in his work on Contracts (volume 3, sec. 1390), in dealing with this subject, said: "So a contract for personal services as long as they are satisfactory to the employer may be terminated by him at any

time when he is dissatisfied in good faith, and the justice of such dissatisfaction cannot be inquired into. Thus, in case of actual dissatisfaction, whether justified or not, an employer may terminate a contract of employment as chef, furrier, or manager of a business"—citing *Daniels* v. *Decatur County*, 99 Iowa, 440, 68 N. W., 718; *Sax* v. *Railroad Co.*, 125 Mich., 252, 84 N. W., 314, 84 Am. St. Rep., 572; *Koehler* v. *Buhl*, 94 Mich., 496, 54 N. W., 157; *Frary* v. *Rubber Co.*, 52 Minn., 264, 53 N. W., 1156, 18 L. R. A., 644; *Rossiter* v. *Cooper*, 23 Vt., 522; *Evans* v. *Bennett*, 7 Wis., 404.

These authorities doubtless state the correct rule on this subject, but we do not think they are controlling in the present instance, since, according to the testimony of Mr. Stratton, the president of the railroad company, the duration of the plaintiff's employment was dependent upon the contingency that he should prove capable, efficient, and satisfactory. It will be remembered that the president assigns as a reason for the discharge of the plaintiff his incompetency and dereliction of duty in handling the business of the company. In any view of the case, the burden of proof devolves on the defendant company to show that plaintiff's services were unsatisfactory. This was an affirmative defense, and it devolved on the company to prove it. The plaintiff was not onerated with the duty of proving in the first instance that his services were satisfactory to the defendant, although we think his testimony establishes that fact. Con-

ceding that by the terms of a contract the greatest lati-
tude and discretion was reserved to the company in con-
tinuing the contract, and that it might be annulled at
any time, when in the judgment of its executive officers
the services of the plaintiff were unsatisfactory, never-
theless the burden of proof to show that these services
were unsatisfactory devolved in the first instance upon
the company.   Elliott on Evidence, vol. 1, sec. 132.

The fourth assignment of error is based upon the in-
struction of the trial judge that the statute of frauds
had no place in the case and should not be considered
by the jury.

Defendant's plea to the amended declaration averred
that plaintiff ought not to have or maintain his said
action against the company, because the contract de-
clared on was made and entered into on the 10th day of
August, 1903, for twelve months from the 13th day of
August thereafter, and was void because not in writing,
and was a contract not to be performed within one year,
and was prohibited by the fifth subdivision of section
3142 of Shannon's Code of the State of Tennessee.   The
provision of the statute of frauds invoked is as follows:
"No action shall be brought:  .  .  .   (5)   Upon any
agreement or contract which is not to be performed
within the space of one year from the making thereof
unless the promise or agreement upon which such action
shall be brought or some memorandum or note thereof
shall be in writing and signed by the party to be charged
therewith, or some other person by him thereunto law-

fully authorized." The uniform construction of this section by this court has been that, if a contract when made is capable of a full and bona fide performance within the year after the intervention of extraordinary circumstances, then it is to be considered as not within the statute; but where the manifest intent and understanding of the parties are that the contract was not to be executed within the year, the mere fact that it is possible that the thing agreed to be done may be done within the year, will not prevent the statute from applying. *Deaton* v. *Tenn. Coal & R. R. Co.*, 12 Heisk., 654; *Railroad* v. *Staub*, 7 Lea, 400; *Leinau* v. *Smart*, 11 Humph., 308; Browne on Statute of Frauds, sec. 273 et seq. Now, the contention made on behalf of the railroad company is that this contract is void, since it is claimed to have been made on the 10th day of August for a period of twelve months, but was not to take effect until the 13th of August, 1903.

Mr. Page, in his work on Contracts (volume 2, sec. 670), says: "A contract which is to last for a year from the time that performance begins, and the performance of which is to begin at a day subsequent to the day on which it is made, is not a contract which can be performed within a year from the date of the making thereof, and accordingly is within this clause of the statute. Thus a contract of employment for a year to begin in the future, an oral agreement to lease property for a year to begin in the future, or a promise to abstain from a certain business for a year to begin in the future,

Railroad v. Hayden.

are all within this clause of the statute. But, however, this may be, the facts presented in the record do not support the averments of the defendant's plea, and there is no proof whatever that plaintiff's contract of employment was made on August 10, to take effect August 13, 1903, for a period of twelve months. The plaintiff testified that on or about the 10th of August, 1903, defendant company made a proposition to employ plaintiff as chief engineer in charge of the construction work of its line, for a period of twelve months, beginning August 13, 1903, and that plaintiff took said proposition under advisement, and thereafter, on the 13th of August, 1903, accepted said proposition and immediately on said day of acceptance entered upon the discharge of his duties. The contract, according to plaintiff, was made on August 13, 1903, when defendant's proposition was accepted, and was to run for twelve months from that date. Mr. Stratton, who acted for the company, admits that plaintiff took his proposition for a year's employment under advisement, and afterwards accepted the proposition, and immediately entered upon the performance of his duties.

It does not appear from any proof that plaintiff's contract was not to take effect until a subsequent date and thus throw the performance of the contract beyond a period of twelve months. Hence upon the uncontradicted evidence the statute of frauds had no place in the case, and the circuit judge was not in error in instructing the jury not to consider it.

Error is also assigned upon the action of the trial judge in permitting the plaintiff to file an amended declaration. This, however, was a matter that addressed itself to the discretion of the trial judge, under our liberal statutes of amendment, and, since it resulted in no prejudice of the company's rights, the action of the trial judge will not be disturbed.

The third assignment of error is that the verdict of the jury is excessive. The amount allowed was $1,260, which was intended to cover the period intervening from the date of the plaintiff's discharge in February, 1904, and the expiration of the year for which he had been employed. Plaintiff went to work on the 13th of August, 1903, and remained in the service of the company until the 15th day of February, 1904. Plaintiff was only paid his salary up to February 1, 1904, which left due him his salary for the remaining six and one-half months, which would amount to $1,354.16. It appears that during the time plaintiff was out of work he made an honest effort to get employment, but was able to earn during that period only the sum of $40. We are of the opinion that the amount allowed by the jury, to wit, the sum of $1,260, was not excessive. The case impresses the court as a very meritorious one, and we find no substance in any of the defenses interposed to defeat the right of recovery.

The judgment is affirmed.