## Humble & McLendon v. Wyatt.

(Decided February 18, 1916.)

### Appeal from Whitley Circuit Court.

Contracts—Approval of Performance—Good Faith—Pleading.—Under a contract for the manufacture and purchase of railroad cross ties, providing that if at any time the inspection to be made by the purchaser is not satisfactory to · the seller, or the ties are not satisfactory to the purchaser, the contract is to be null and void, each party is the sole judge of his own satisfaction and is not liable in damages unless, in declaring his dissatisfaction, he acts fraudulently or in bad faith, and in an action for damages against · the purchaser for an alleged breach of the contract, a petition that alleges that the purchaser acted arbitrarily and ought to have been satisfied with the ties, is not sufficient.

JOHN JENNINGS, JR., and TYE, SILER & GATLIFF for appellant.

SMITH & EARLY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiffs, L. H. Humble and D. R. McLendon, partners doing business under the firm name of Humble & McLendon, brought this suit against defendant, W. B. Wyatt, to recover damages for his breach of a contract of purchase of a certain quantity of railroad ties. A demurrer was sustained to the petition and the petition dismissed. Plaintiffs appeal.

It appears from the petition that plaintiffs and defendant entered into a contract, by which defendant purchased from plaintiffs not less than 30,000 and not more than 50,000 white and chestnut oak cross ties at certain prices, varying according to the dimensions of the ties. Plaintiffs were to manufacture and deliver the ties for shipment. Defendant was to inspect the ties. Besides other provisions, which it is not necessary to enumerate, the contract contains the following:

"* * *, and in case the inspection is not satisfactory to first party at any time or the ties not satisfactory to second party this contract is to be null and void."

The petition charges in substance that after the delivery of a certain number of the ties and their acceptance by the defendant, the defendant notified plaintiffs that the ties were not satisfactory. It further alleges

that the ties were of the same quality as those previously accepted, were well manufactured and complied in every respect with the specifications contained in the contract, and were such as ought to have satisfied a reasonable man. The petition contains the further allegations that the defendant acted arbitrarily in refusing the ties.

The weight of authority is to the effect that the parties must stand to their contract as they have made it, and, if the one party has agreed to do something that shall be satisfactory to the other, he constitutes the latter the sole arbiter of his own satisfaction, at least so long as he acts in good faith and his dissatisfaction is real and not feigned or a mere subterfuge. It is further held that the application of this principle is not now limited to transactions involving personal taste and preference. In such cases, the question for determination is not whether the one complaining ought to be satisfied, but whether, in declaring his dissatisfaction, he acted in good faith. Campbell Printing Press Co. v. Thorp, 36 Fed., 414, 1 L. R. A., 645; White v. Randall, 153 Mass., 394, 26 N. E., 1071; Sax v. Detroit, etc. R. Co., 125 Mich., 252, 84 N. W., 314, 84 Am. St., 572; Frary v. American Rubber Co., 52 Minn., 264, 53 N. W., 1156, 18 L. R. A., 644; Adams Radiator & Boiler Works v. Schnader, 150 Pa. St., 394, 26 Atl., 745, 35 Am. St., 893; Barrett v. Raleigh, etc. Coke Co., 51 W. Va., 416, 41 S. E., 220, 90 Am. St., 802; Ellis v. Mortimer, 1 Bos. & Pul. (N. R.), 257; Taylor v. Brewer, 1 M. & S., 290; Barnes v. Rawson, 111 Ia., 426, 82 N. W., 947; Daniels v. Decatur County, 99 Ia., 440, 68 N. W., 718; Tyler v. Ames, 6 Lans. (N. Y.), 280; Spring v. Ansonia Clock Company, 24 Hun. (N. Y.), 175; Hart v. Hart, 22 Barb (N. Y.), 606; Rossitter v. Cooper, 23 Vt., 522; Hollingsworth v. Colthurst, 78 Kan., 455, 96 Pac., 851, 130 A. S. R., 382, 18 L. R. A. (N. S.), 741; Livesley v. Johnston, 45 Ore., 30, 76 Pac., 13, 946, 106 A. S. R., 647, 65 L. R. A., 783; Kidder Press Co. v. J. V. Reed & Co., 133 Ky., 350, 117 S. W., 950, 134 A. S. R., 450; Dick v. James Clark, Jr., Electric Co., 161 Ky., 622, 171 S. W., 198; Elliott on Contracts, section 1605.

Whether or not this doctrine will be applied in every instance to so simple and standard an article as a railroad cross tie we deem it unnecessary to determine. It is sufficient to say that, in our opinion, it is peculiarly applicable to the facts of this case. Under the contract in question the ties were to be manufactured by plaintiffs

and inspected by the defendant. The contract expressly provides that it is to be null and void if, at any time, the inspection is not satisfactory to plaintiffs or the ties not satisfactory to defendant. It is evident that plaintiffs, on the one hand, were unwilling to risk the inspection to the defendant or anyone else, while the defendant, on the other, was unwilling to leave the question of his satisfaction with the ties to anybody but himself. In view, therefore, of the two provisions inserted for their mutual protection, we conclude that it was the intention of the parties to make each the sole judge of his own satisfaction. It follows that unless the defendant, in declaring his dissatisfaction, acted fraudulently or in bad faith, plaintiffs are not entitled to recover. The petition does not allege that the defendant acted fraudulently or in bad faith. The allegation that he acted arbitrarily and ought to have been satisfied is not sufficient. We therefore conclude that the demurrer to the petition was properly sustained.

Judgment affirmed.