**CREST COAL COMPANY, INC., and William J. M. Polan, Movants,**

v.

**George BAILEY, Respondent.**

Supreme Court of Kentucky.

June 3, 1980.

J. K. Wells, Wells, Porter & Schmitt, Paintsville, for movants.

David LeMaster, Paintsville, for respondent.

STEPHENS, Justice.

The issue before the court is whether the movants' motion for a judgment notwithstanding the verdict should have been granted by the trial court.

The respondent, George Bailey, is a third party beneficiary of a coal land lease agreement between his stepfather, Oscar Wireman, and Crest Coal Company. The relevant portion of the agreement provides that Crest Coal will employ respondent and others "if they so desire a job with Crest Coal Company, Inc., and if their work is satisfactory to the Company . . . ." After approximately nine months of employment with movant, respondent was fired by William Polan, the owner and chief executive of the company. Respondent filed suit in Magoffin Circuit Court claiming damages against movants for lost wages for wrongful termination under the terms of the contract. A first trial resulted in a hung jury. On retrial, the jury awarded $5,000 to respondent. Movants appealed to the Court of Appeals, which affirmed the verdict as to liability but reversed as to damages, holding that respondent had not sufficiently proved the length of time for which he was entitled to recover. We granted discretionary review.

■ The parties disagree as to the proper test to be applied to determine the propriety of discharging an employee who is hired pursuant to a contract which provides for employment so long as the employer is "satisfied" with the work of the employee. The majority of jurisdictions apply a subjective test, which allows the employer's evaluation of the employee's work to control as long as the employer acts in "good faith." 53 Am. Jur.2d *Master and Servant* § 37 (1970); 17 Am.Jur.2d *Contracts* § 366 (1964). Kentucky is among those states which apply the subjective test. *Humble & McLendon v. Wyatt*, 168 Ky. 597, 182 S.W. 610 (1916); *Independent Life Insurance Co. of America v. Williamson*, 152 Ky. 818, 154 S.W. 409 (1913); *Kidder Press Co. v. J. V. Reed & Co.*, 133 Ky. 350, 117 S.W. 950 (1909).

At the conclusion of the evidence, movants made a motion for a directed verdict which was denied by the trial court. The court then properly instructed the jury that in order for respondent to recover damages the actions of the movants in firing respondent must have been in bad faith. Following the verdict, movants filed a motion for a judgment notwithstanding the verdict, pursuant to CR 50.02, claiming that they should have been granted a directed verdict since there was insufficient evidence of bad faith to warrant submitting the case to the jury. The trial court denied this motion as well, and, we believe, erred in so doing.

■ We have examined all of the evidence presented to the jury and we conclude that the evidence relative to the good faith of the movants was totally insufficient to present a jury issue. Respondent's uncontradicted work attendance record, demonstrated by time sheets and testimony from his supervisor, showed a long and consistent pattern of unexcused and unexplained absences. Respondent's immediate supervisor and foreman testified that in addition to his unsatisfactory attendance record, respondent's work product was inferior. An office employee of the company stated that respondent had come into the company office on several occasions with alcohol on his breath. And movant Polan testified that he had seen respondent out drinking when he was supposed to be working. The record is devoid of any evidence whatsoever which would indicate bad faith on the part of movants in evaluating respondent's performance. Movants clearly had more than enough justification to be dissatisfied with respondent's work and, under the terms of the agreement, to discharge him from employment. The burden to show bad faith was on the respondent, and a review of the record shows that this burden was not met. Movants' motion for a directed verdict should have been granted.

■ We are acutely aware that an appellate court must give great weight to the

factual findings of a trial judge and to the verdict of a jury. However, where the record shows, as it does here, that only one fair and reasonable conclusion can be drawn from the evidence, the case should not be submitted to the jury. *Eichstadt v. Underwood*, Ky., 337 S.W.2d 684 (1960). The evidence in this case was not sufficient to sustain the verdict which was rendered against the movants, and thus the motion for a judgment notwithstanding the verdict should have been granted. *Hollon v. Greyhound Corp.*, Ky., 272 S.W.2d 329 (1954). In such a case, it is our obligation to act even in light of the verdict of the jury. *Hoskins v. Hoskins*, Ky., 316 S.W.2d 368 (1958). We find that, in this case, reasonable persons could not find that the movants acted in bad faith in discharging respondent from employment.

The decision of the Court of Appeals is reversed, and the case is remanded to the trial court with directions that a judgment be entered for the movants.

All concur, except STEPHENSON, J., who did not sit.