**David SMITH and Bettye Smith, Appellants**

v.

**CRIMSON RIDGE DEVELOPMENT, LLC, Appellee.**

**No. 2011–CA–001237–MR.**

Court of Appeals of Kentucky.

Sept. 6, 2013.

Charles E. English, Mark B. Maier, Bowling Green, KY, for appellant.

Brian Schuette, Bowling Green, KY, for appellee.

Before MAZE, STUMBO, and VANMETER, Judges.

## OPINION

VANMETER, Judge:

The appellants, David and Bettye Smith ("the Smiths"), appeal from the Warren Circuit Court order granting summary judgment in favor of Crimson Ridge Development, LLC ("Crimson Ridge"). We affirm.

Crimson Ridge entered into a contract with the Smiths to purchase forty-six acres of land located in Warren County, Kentucky. The contract provides for Crimson Ridge to pay $50,000 within five days of execution, another $150,000 at closing, and the remaining $875,000 over a term of five years. Section 3 of the contract, titled "Contingencies," lists a number of conditions precedent to the performance of the agreement, which "shall be wholly and completely contingent upon and subject to the satisfaction in favor of Buyer...." Among the listed contingencies is that the

"Seller shall obtain, at its expense, a survey of the Property satisfactory to Buyer, which survey shall be utilized for the description of the Property in the deed from Seller to Buyer" Attached to the contract are the Smiths' property description, and a number of out-conveyances for property sold by the Smiths over time.

Crimson Ridge paid the Smiths $50,000 within five days of signing the contract and the Smiths hired a surveyor. Upon investigation, the surveyor discovered a discrepancy between the new survey and the description attached to the contract for sale. The contract described a plot that abutted a "county road," however, the surveyor discovered that the "county road" referred to in the attached description had since been curved, leaving a triangular piece of land between the new road and the Smiths' property. From the record, the Smiths' property apparently did not abut Elrod Road and the existing sewer and utility services along that road. Crimson Ridge notified the Smiths that the new survey was unsatisfactory, terminated the contract and requested that the Smiths return the $50,000. When the Smiths refused to return the money, Crimson Ridge brought suit asserting a right of rescission and requesting return of its initial payment. Eventually, both parties moved for summary judgment. The trial court determined that the contract gave Crimson Ridge the right to rescind. Albeit for slightly different reasons, we agree.

Summary judgment is proper when the trial court determines that no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Steelvest, Inc. v. Scansteel Serv. Ctr.*, 807 S.W.2d 476, 480 (Ky.1991); CR [1] 56.03. The parties agree that no genuine issues of material fact remain and sum-

---

1. Kentucky Rules of Civil Procedure.

mary judgment turns on a single question of contract interpretation. Matters of contract interpretation are questions of law that we review *de novo*. *Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.,* 94 S.W.3d 381, 385 (Ky.App.2002).

■■■ A contract is interpreted by looking solely to the four corners of the agreement. *Baker v. Coombs,* 219 S.W.3d 204, 207 (Ky.App.2007). Unambiguous terms contained within the contract are interpreted in accordance with their ordinary meaning, "without resort to extrinsic evidence." *Frear v. P.T.A. Indus., Inc.,* 103 S.W.3d 99, 106 (Ky.2003). The parties agree that the terms of the contract are unambiguous, thus we turn to the four corners of the contract and consider the ordinary meaning of its terms.

■■■ The source of contention in this contract revolves around the phrase "survey of the Property satisfactory to Buyer." The ordinary meaning of the word "satisfactory" is "giving satisfaction." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 1035(10th ed.2002). "Satisfaction" is "the fulfillment of a need or want." *Id.* When the phrase "satisfactory to Buyer" is read in conjunction with the ordinary meaning of the word "satisfactory," the contract clearly requires that the buyer's needs or wants in relation to the survey be satisfied.[2]

Furthermore, case law in Kentucky has consistently interpreted a satisfaction contingency in a contract as meaning subjective satisfaction, albeit subject to a good faith requirement. *Crest Coal Co.*

*v. Bailey,* 602 S.W.2d 425, 426 (Ky.1980) (employment contract contingent on employer's satisfaction with employee's work applies subjective test of employer's evaluation, *i.e.,* satisfaction, "as long as employer acts in good faith[ ]" (quotations omitted)); *Humble & McLendon v. Wyatt,* 168 Ky. 597, 598, 182 S.W. 610, 611 (1916) (holding "if one party has agreed to do something that shall be satisfactory to the other, he constitutes the latter the sole arbiter of his own satisfaction, at least so long as he acts in good faith, and his dissatisfaction is real and not feigned or a mere subterfuge[ ]"); *Kidder Press Co. v. J.V. Reed & Co.,* 133 Ky. 350, 360, 117 S.W. 950, 952–53 (1909) (holding that "where the contract requires the article to be satisfactory, ... it means satisfactory to him to whom it is sold or furnished[ ]"). In *Humble,* the court expounded that "the principle is not ... limited to transactions involving personal taste and preference.... [I]n such cases the question for determination is not whether the one complaining ought to be satisfied, but whether in declaring his dissatisfaction, he acted in good faith." 168 Ky. at 598, 182 S.W. at 611.

In this case, the agreement required the Smiths to obtain a current survey satisfactory to Crimson Ridge. Tim Graham, principal member of Crimson Ridge, affirmed at his deposition its intention to develop the property as a residential subdivision. The survey revealed discrepancies with the property's access to Elrod Road, which could impact the ability of Crimson Ridge to develop the property,

**2.** The Smiths further argue that the survey satisfaction contingency was limited by the clause "which survey shall be utilized for the description of the Property in the deed from Seller to Buyer." In other words, the purpose of the clause was merely to generate a new, or updated, metes and bounds description of the property. Based on the wording of

the contingency, we do not read the clause so narrowly. Such a reading would essentially render meaningless the words "satisfactory to Buyer." We hardly need to state the oft-cited rule that courts will not remake a contract for the parties. *O.P. Link Handle Co. v. Wright,* 429 S.W.2d 842, 847 (Ky.1968).

either because of limitations on ingress and egress, or access to sewer or utility services. Because of the wording of the Contract, Crimson Ridge was not required to cure or satisfy itself that any deficiencies would be successfully resolved so as to permit it to develop the property as intended. Counsel for Crimson Ridge, thus, immediately advised the Smiths that the survey was unsatisfactory on the basis that "[t]he survey points out very serious issues with respect to the presumed access point to Elrod Road." The Smiths do not allege bad faith on the part of Crimson Ridge for the manner in which it rescinded the contract[3] and they concede that no genuine issues of fact exist. Absent bad faith, Crimson Ridge's subjective dissatisfaction with the survey justified rescission of the contract. Based on the terms of the contract and the proof in the record, the trial court correctly held that Crimson Ridge was entitled to summary judgment.

The trial court, and the parties, took the analysis a step further, looking to the attached property description to determine what the buyer was entitled to expect as a satisfactory survey; specifically, whether the description's reference to a "county road" allowed Crimson Ridge to expect that the property abutted a particular road, Elrod Road. This inquiry is unnecessary, however, because even if we consider the attached description, Crimson Ridge was still entitled to rescind under the contingency provisions. The new survey revealed that the property did not abut a road in the location described by the survey attached to the contract; the road's name is irrelevant.

For the reasons set forth above, summary judgment is appropriate. The Warren Circuit Court's Order is affirmed.

ALL CONCUR.

---

**3.** The Smiths' answer to Crimson Ridge's complaint generally alleged its breach of an implied duty of good faith and fair dealing. But the Smiths' subsequent memoranda in the trial court in support of their claim for summary judgment, as well as their appellate briefs, argue that this controversy centers on a proper interpretation of the contract at issue, as opposed to any bad faith assertion by Crimson Ridge of survey defects.