NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  16a0364n.06

Case No. 15-6282

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 30, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| HELEN KELLEY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| WESTFIELD INSURANCE COMPANY; | ) | DISTRICT OF KENTUCKY |
| TRANSAMERICA LIFE INSURANCE, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

**O P I N I O N**

BEFORE:  MOORE, McKEAGUE, and DONALD, Circuit Judges.

**PER CURIAM.**  Helen Kelley asks this court to read only a portion of her settlement agreement with the defendant Westfield Insurance Company and then declare its terms ambiguous.  We, however, read the entirety of a contract when determining if its terms are ambiguous—and the subsequent provisions of the settlement agreement remove any ambiguity.  We therefore AFFIRM the district court's dismissal of the case with prejudice.

**I**

On April 28, 1983, the plaintiff's late husband, William Kelley II, was involved in a severe accident that resulted in his complete and permanent paralysis.  A lawsuit followed, in which Mr. Kelley and his wife alleged negligence, Mr. Kelley sought damages for personal injuries resulting from the accident, and plaintiff Helen Kelley sought damages for loss of

consortium. The claims were settled with the negligent party and their insurance carrier, defendant Westfield Insurance Company (Westfield), on January 4, 1985.

The settlement agreement provided for a structured settlement of the Kelleys' claims. Pertinent here is Westfield's agreement to make lifetime payments of five thousand dollars per month, guaranteed for a minimum of thirty years. The settlement agreement states:

> In consideration for this Release, Westfield Insurance Company (hereinafter referred to as "the Insurer") agrees to make the following payments:
>
> Eight Hundred Thousand Dollars ($800,000.00) on Jan. 4, 1985;
>
> Five Thousand Dollars ($5,000.00) per month, for life, guaranteed for thirty (30) years beginning February 4, 1984.

R. 8-2, Agreement at 1–2, Page ID 69–70. The settlement agreement also contains specific terms regarding the death of either or both of the Kelleys before the expiration of the thirty-year period on February 4, 2015:

> In the event of the death of William E. Kelley, II prior to February 4, 2015, the payments in the amounts heretofore set forth and on the dates hereinabove mentioned, shall continue to his wife, Helen Kelley, said payments to continue until February 4, 2015.
>
> In the event of the death of Helen Kelley prior to February 4, 2015, the payments in the amounts heretofore set forth and on the dates hereinabove mentioned, shall continue to William E. Kelley, II, said payments to continue as set forth above.
>
> In the event that both William E. Kelley, II and Helen Kelley die prior to February 4, 2015, the payments in the amounts heretofore set forth and on the dates hereinabove mentioned, shall pass into the estate of William E. Kelley, II or Helen Kelley, whichever lives longer, said payments to continue until February 4, 2015.

*Id.* at 2–3, Page ID 70–71. The agreement was drafted by the attorney for Westfield. The Kelleys were represented by counsel. All parties signed the agreement.

The settlement agreement also gave Westfield the right to assign its duties and obligations for future payments to Transamerica Annuity Service Corporation—a right that

Westfield exercised. The agreement further provided that all payments to be made, except for the initial $800,000 payment, could be funded by the purchase of an annuity from Transamerica Life Insurance Company.

Mr. Kelley died on June 22, 2012. On July 19, 2012, Transamerica sent a letter to Helen Kelley informing her that the final monthly payment would be paid on January 4, 2015. Helen Kelley filed the present lawsuit against Westfield and Transamerica in state court on February 4, 2015, after Transamerica ceased the monthly payments. The case was removed to federal court on the basis of diversity jurisdiction.

Transamerica moved for the case to be dismissed and Westfield moved for summary judgment. On October 22, 2015, the district court granted both motions and dismissed the case with prejudice. Helen Kelley now appeals.

## II

We review a district court's grant of a motion for dismissal *de novo*. *First Am. Title Co. v. Devaugh*, 480 F.3d 438, 443 (6th Cir. 2007). To survive a motion to dismiss, a complaint "must allege facts which, if proved, would entitle [the plaintiff] to relief." *Id.* We also review a district court's grant of summary judgment *de novo*. *Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 (6th Cir. 2009). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"It is of course a fundamental tenet of this jurisdiction that the unambiguous language of a contract will be enforced as written and that the courts will not re-write the contract in contradiction of its plain meaning." *Wehr Constructors, Inc. v. Assurance Co. of Am.*, 384 S.W.3d 680, 685 (Ky. 2012). "It has long been a rule of interpretation that a contract must be construed as a whole[.]" *Ingram v. State Prop. & Bldgs. Comm'n*, 309 S.W.2d 169, 172 (Ky.

1957); *see also Smith v. Crimson Ridge Dev., LLC*, 410 S.W.3d 619, 621 (Ky. Ct. App. 2013) ("A contract is interpreted by looking solely to the four corners of the agreement. Unambiguous terms contained within the contract are interpreted in accordance with their ordinary meaning, without resort to extrinsic evidence." (citations and internal quotations omitted)). "[A]n ambiguous contract is one capable of more than one different, reasonable interpretation." *Frear v. P.T.A. Indus., Inc.*, 103 S.W.3d 99, 106 n.12 (Ky. 2003) (quoting *Central Bank & Trust Co. v. Kincaid*, 617 S.W.2d 32, 33 (Ky. 1981)).

Kelley argues that the settlement agreement is ambiguous because its statement that "Westfield Insurance Company . . . agrees to make the following payments: . . . Five Thousand Dollars ($5,000.00) per month, for life, guaranteed for thirty (30) years beginning February 4, 1984" does not specify *whose* life is the measuring life. R. 8-2, Agreement at 1–2, Page ID 69–70. She argues that the subsequent language (specifying whether and how long payments would continue in the event of her death, Mr. Kelley's death, or both of their deaths) fails to clarify the language. We disagree.

Having duly considered the district court's opinion in light of Kelley's appellate arguments, we find no reversible error. Although the district court incorrectly assumed that this was an insurance contract and so subject to stricter standards of interpretation, that assumption was of no consequence because the terms of the contract were unambiguous. The settlement agreement was clear: "In the event of the death of William E. Kelley, II prior to February 4, 2015, the payments in the amounts heretofore set forth and on the dates hereinabove mentioned, shall continue to his wife, Helen Kelley, said payments to continue until February 4, 2015." R. 8-2, Agreement at 2, Page ID 70. Her arguments to the contrary are meritless and are fairly

and adequately addressed in the district court's opinion. To issue another opinion reiterating the analysis would be duplicative and unnecessary.

Accordingly, we AFFIRM the order of the district court.