## Young vs. Starkey et al.

A. and the defendants submitted certain matters in difference between them to the arbitration of the plaintiff, under an *agreement, to which, however, the plaintiff* was neither party nor privy, that the defendants should pay the plaintiff, for his services as arbitrator, in the event that his award should be for a less amount than was claimed by the defendants to be due to them from A., and that in case the award should be for a larger amount, then, that A. should pay the plaintiff for his services. The award being for a greater amount than was claimed by the defendants from A. : *Held,* nevertheless, in an action against the defendants to recover payment for the services of the plaintiff as arbitrator, that they, equally with A., were liable to the plaintiff, and that he was entitled to recover upon a promise made by the defendants to pay him for his services, in case he would deliver to them the award, which he did.

Appeal from the district court of the district of San Francisco. The facts are stated in the opinion of the court.

——————————, for plaintiff.

*Horace Hawes,* for defendants.

*By the Court,* Bennett, J. The action was brought to recover for services rendered by the plaintiff, as arbitrator. The defendants and one Dring agreed to submit certain matters in difference between them to the decision of the plaintiff. The agreement between the defendants and Dring contained, among other provisions, the following :—

"In the event of the award of the said Charles B. Young "in favor of Starkey, Janion & Co. being less than the amount "they now claim, then they, the said Starkey, Janion & Co., "agree to pay the said Charles B. Young for the said exami- "nation and adjustment, and *vice versa,* should the award in "favor of the said Starkey, Janion & Co. be more than the "amount they now claim, then the said David Dring agrees to "pay the said Charles B. Young for the said examination and "adjustment." This agreement was signed by Dring and by

HARVARD LAW LIBRARY

Young *v.* Starkey.

Starkey, Janion & Co., the defendants, but the plaintiff was no party to it. The defendants afterwards addressed a note to the plaintiff, informing him of the submission, but not saying any thing in regard to the payment for his services, or by whom such payment was to be made. The plaintiff proceeded to examine the complicated accounts submitted to him, and came to the conclusion that a larger sum was due from Dring to the defendants than they had claimed, and drew up his award to that effect. He informed the defendants that the award was ready, but declined to deliver it, unless the defendants would undertake to pay him. The defendants accordingly promised to see him paid, and he delivered to them the award.

Upon their subsequently refusing to pay, this action was brought to recover the value of the plaintiff's services.

It is claimed by the defendants that their undertaking was void within the statute of frauds, because it was not in writing.

We are inclined to look upon the promise of the defendants as an original undertaking, and consequently not within the statute of frauds. The plaintiff was under no obligation to deliver the award, until he received a compensation for his services as arbitrator, and the promise of the defendants to pay him, in case he would deliver it, was supported by a valid consideration. The undertaking was to pay for the services of the plaintiff a reasonable compensation in case the plaintiff would part with a right which he then had.

But it is not necessary to put the case upon this ground. The plaintiff was neither party nor privy to the agreement between the defendants and Dring, and is in no way bound by it to look to Dring alone for pay for his services. That agreement gives the defendants a claim upon Dring for any amount they shall be compelled to pay for the award, but it extends no further. The defendants, equally with Dring, are liable to the plaintiff for his services, and both parties are liable for the whole amount. The promise of the defendants, therefore, was a promise to pay a debt for which they were already liable, and not a promise to answer for the debt of another. I think the judgment should be affirmed.

Ordered accordingly.