### · Moses P. Grant *vs.* Dexter Bryant.

Articles of partnership between A. and B. provided that profits and losses should be shared equally, " A., however, guaranties to B. the sum of ten thousand dollars towards such profits, notwithstanding losses to any extent." No profits were made in the business; and the partnership was dissolved at the end of a year. *Held*, that B. was entitled to receive ten thousand dollars from A.

The compensation of a receiver, appointed to wind up the affairs of a dissolved partnership, is to be limited to such an amount as will afford a reasonable compensation, for the services required and rendered, to a person of ordinary standing and ability, competent for such services; and is not to be based on the usages or rates of profit which prevail in any. branch of business, nor upon the special qualifications or standing of the person appointed.

Bill in equity to wind up a partnership between the plaintiff and the defendant, which had been dissolved. A receiver was appointed. The case was heard before *Wells*, J., and reserved by him for the determination of the full court upon a report substantially as follows:

The parties entered into articles of partnership, dated January 1, 1867, of which the material parts were these: " The copartnership is for the purpose of dealing in paper and papermakers' supplies, and is to continue for the term of five years from December 31, 1866, unless previously dissolved by the provisions hereof, or for any lawful cause. Grant is to furnish seventy-five thousand dollars, and Bryant is to furnish ten thousand dollars, to constitute the capital of such copartnership, and interest is to be allowed each party on the amount of the sums he may have from time to time in the copartnership. The profits and losses of the copartnership are to be divided equally between Grant and Bryant, share and share alike, during the continuance of the copartnership. Grant, however, (but for the term only of the first year of said copartnership,) guaranties to Bryant the sum of ten thousand dollars towards such profits, anything herein to the contrary, and notwithstanding losses to any extent whatsoever. But Bryant agrees with Grant not to draw from the net profits belonging to him, in any one year, a sum exceeding five thousand dollars ; provided, however, that in case Bryant's share, as aforesaid, should exceed five thousand

dollars, then he shall have a right to draw one half of the excess of his share of such profits above said five thousand dollars. A guaranty account, so called, shall be kept. The account books of the copartnership shall be made up to the close of each year, during the continuance of the copartnership, and a proper amount reserved for said guaranty account."

" It is hereby agreed between the said Grant and Bryant that the general control and management of the business of the copartnership shall be intrusted to Bryant. Either party shall have a right to terminate the copartnership at the close of one year herefrom, by giving the other two months' notice thereof prior to the close of said first year; but each pledges the other that he enters into this agreement in good faith, for a permanent connection; and all differences shall be settled by arbitration."

At the end of one year the partnership was dissolved, by notice of withdrawal given by the defendant to the plaintiff. The business having failed to be profitable, the question in dispute was as to the effect of the clause in the articles by which a certain amount of profits for the first year was guarantied by the plaintiff. The defendant contended that he was entitled, in addition to the return of the amount of capital contributed by him, to receive from the plaintiff the full sum of $10,000, as and for his profits during the year. The plaintiff contended that his guaranty related only to the entire profits of the business of the partnership, and that he was bound to pay to the defendant only such amount as would make up his share of profits to the sum of $5000.

The judge allowed the defendant, against the plaintiff's objection, to put in evidence, *de bene esse*, of the intention of the parties to the agreement. The statement of this evidence is rendered immaterial by the decision.

The accounts of the receiver having been submitted, the plaintiff objected to his charge for compensation, the amount of which was $1853.75, being two and a half per cent. of the gross amount of assets which came into his hands by sale of the stock collection of notes and accounts, and otherwise. In support of this charge, evidence was introduced as to the usual rates of

charge upon commercial transactions by commission merchants and others, and " as to the experience, capacity and mercantile standing of the person acting as receiver ; " and the judge was satisfied that, if the compensation was to be determined upon such considerations, the charge was not excessive; but, being of opinion " that the proper compensation of a receiver, as an officer of the court, in the absence of any agreement between the parties in relation thereto, should be limited to such an amount as would afford a reasonable compensation, for the services required and rendered, to a person of ordinary standing and ability, competent for such duties and services, and should not be based upon the usages or rates of profit which prevail in any branch of commercial or other business, nor upon the special qualifications or standing of the person who may happen to perform the services ; and being satisfied that the sum of one thousand dollars would be a reasonable and sufficient compensation to such a person for the services required and rendered in the present case," the judge allowed that sum for the compensation of the receiver, instead of the sum charged by him, and reserved the question of such allowance for the consideration of the full court.

*J. D. Ball,* for the plaintiff.

*D. W. Gooch,* ( *S. Wells* with him,) for the defendant.

AMES, J. We do not find in the written contract between these parties any such ambiguity as to justify the resort to parol evidence to aid in its interpretation. The parties have reduced their contract to writing; and, according to one of the most familiar rules of evidence, we are bound to look to the writing for their contract. It is not drawn with great care or skill, but there seems to be very little reason for pronouncing it unintelligible or even peculiarly difficult of interpretation. The articles indicate that the copartnership was expected to last for a term of five years, but either party had the right, at the close of the first year, to terminate it, by giving two months' notice to his associate. The profits and losses, during the continuance of the copartnership, were to be divided equally, share and share alike ; but Grant, for the first year only, guaranties to Bryant " the

sum of ten thousand dollars towards such profits," any losses &c., notwithstanding. The general control and management were to be intrusted to Bryant. Grant contributes seventy-five thousand dollars and Bryant ten thousand dollars, to constitute the capital of the firm.

It seems to us impossible to put any other construction upon this guaranty than to view it as an assurance to Bryant of that sum as his profits of the first year "notwithstanding losses to any extent." It was a guaranty of ten thousand dollars' profits to him for that year, apparently as a compensation for superior skill and experience in the business; and after the first year the rule as to profits and losses was to be an equal division. If the parties intended (as the defendant insists) nothing more than a guaranty that the joint profits of the first year should be ten thousand dollars, or that such an assumption should be the basis of their settlement, they would have expressed themselves very differently. If this were the true construction, each party would have a right to take out of the joint fund five thousand dollars as profits, whether there were any profits or not. We cannot so view it. In our judgment, it is plainly a guaranty by Grant of a certain distinct sum of money which Bryant is to take as his profits.

The rule adopted as to the compensation of the receiver was entirely correct. The court does not regulate the compensation of its officers upon the basis of a fixed commission upon the amount of money passing through their hands, but allows them such an amount as would be reasonable for the services required of and rendered by a person of ordinary ability, and competent for such duties and services.

The receiver, therefore, is to retain, out of the funds in his hands, one thousand dollars as his compensation; Bryant is entitled to ten thousand dollars; the remainder is to be divided between the two parties according to their respective propor-tions; and neither party is to recover costs.

*Decree accordingly.*