WILLIAM G. RUSSELL & others *vs.* JOHN B. PAGE & others.

Suffolk.　March 8, 1888. — June 21, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Arbitrators — Rule of Court — Fees — Assignment — Recovery in Referees' Name.*

Referees under a rule of court may, upon the acceptance of their award, recover their reasonable fees from the parties to the submission.

If one party pays the whole of such fees, and takes an assignment of the referees' claim, he may recover one half thereof from the other party, and, if no objection is made, he may maintain his action in the name of the referees.

CONTRACT to recover the fees of arbitrators under a rule of court. Trial in the Superior Court, without a jury, before *Hammond,* J., who found for the plaintiffs, and reported the case for the determination of this court, as follows.

The plaintiffs were referees appointed upon the agreement in writing of the parties, under a rule of court, on a flowage complaint, under the Pub. Sts. c. 190, brought by the defendants against Tileston and Hollingsworth, and formerly pending in the Superior Court. The arbitrators duly made an award " that the referees' fees, taxed at five hundred dollars, be paid equally, two hundred and fifty dollars by the complainants, and two hundred and fifty dollars by the respondents; and that neither party recover costs of the other."

This award was accepted by the court, and judgment was minuted upon the docket by the clerk, but the record has never been extended. The respondents then moved for an execution against the complainants for two hundred and fifty dollars, being one half of the referees' fees, as set forth in the award, which, after an argument, the court refused to issue. Thereupon, before the close of the term, a motion was made that the judgment be vacated, and that the matter be recommitted to the referees to amend their award on the subject of costs; and entry was made upon the docket of the clerk at the April term, 1885, of the court, that the case was continued *nisi,* and the record does not show that further action has been since taken in the case.

Before the referees had filed their award, the counsel for Tileston and Hollingsworth met the chairman, Mr. William G. Russell, who said that the award was ready when the fees of the arbitrators, amounting to five hundred dollars, were paid. The counsel said that he would rather pay one half, but the chairman said that he could not have the award until the whole fees were paid, and that the award provided in the usual manner for the payment of the other half by the other side. The counsel supposed he would get an execution for that amount, and thereupon gave five hundred dollars to the chairman, who gave him the award sealed, and he took it to court.

After the acceptance of the award, Tileston and Hollingsworth requested several times of counsel for the complainants that the complainants should pay their half, but the complainants repudiated the payment of the two hundred and fifty dollars made to the referees on their behalf.

Afterwards, prior to bringing this action, in consideration of the two hundred and fifty dollars last above mentioned, the referees made an assignment of their interest or claim against the complainants to Tileston and Hollingsworth, and this action was brought by Tileston and Hollingsworth in the name of the referees. No question was made at the trial as to the reasonableness of the fees charged by the plaintiffs.

The defendants contended: " 1. That there is no judgment in the original case upon which the above plaintiffs were referees, and that that case still is in the hands of the court, and that it is for the court to say what course they may take in regard to the same, and it is not yet determined but that they may issue an execution for the costs; and 2. A rule to a reference is different from a submission to arbitrators by an agreement. The whole matter of the reference, the compensation of the referees, the judgment as to costs, the taxing of the costs, the allowance of the fees by two of the referees, is in the hands of the court. By the action of the counsel in paying all the money to the referees, these defendants are deprived of the privilege of being heard on the question of the amount of the costs or the reasonableness of the fees of the referees, to which they had a right."

*L. M. Child*, for the defendants.

*J. R. Churchill*, for the plaintiffs.

DEVENS, J. It may be that the plaintiffs would have had a remedy for the non-payment of their fees by some interlocutory order of the court, passed upon their application, and compulsory upon the parties to the suit. The defendants urge that such is their only remedy. Their contention is, that there is no contract which can be implied between themselves and the referees, that the referees were not performing any services for them, but were complying with an order of the court, and that all which they can obtain for their services must be obtained through the intervention of that court. That arbitrators may retain in their own hands their award, until their proper charges for services are paid, has never been doubted, and such is a common practice. This must rest upon the ground that they have rendered services for both parties in making their award, and that before delivering the result of their work they are entitled to receive the value of them. Nor is this inconsistent with a right on the part of the court to control the matter if their demand is excessive and exorbitant.

While in *Virany* v. *Warne*, 4 Esp. 47, it was held by Lord Kenyon that an arbitrator could not recover against the parties to the arbitration, this cannot be considered the law in England or America at the present time. The rule has been repeatedly stated, that both parties are liable to the arbitrators for their reasonable charges. Where one has paid the whole amount it has also been held that he might recover a moiety thereof from the other, the payment not being deemed on his part to be an officious and voluntary one, but the payment of a sum for which both were liable, and entitling the party paying to contribution from the other. " When two parties agree to employ an arbitrator, and one pays a sum of money to take up the award," says Baron Martin in *Marsack* v. *Webber*, 6 H. & N. 1, " in reason, justice, and law he is entitled to recover from the other a moiety of the sum so paid." *Swinford* v. *Burn*, Gow N. P. 5, 7. *Hicks* v. *Richardson*, 1 Bos. & P. 93. *In re Coombs*, 4 Exch. 839. *Threlfall* v. *Fanshawe*, 19 L. J. Q. B. 334. *Young* v. *Starkey*, 1 Cal. 426. *Hinman* v. *Hapgood*, 1 Denio, 188.

It was held in *South Scituate* v. *Hanover*, 9 Gray, 420, where commissioners were appointed to establish the boundary line between two towns, under a resolve providing that the fees of

the commissioners should be paid one half by each, that one town could not pay the whole fees and recover the half from the other town. But this was the payment by one town of a liability which the statute had distinctly imposed upon another. The service rendered was not to the two towns, who were not together primarily liable to referees or arbitrators for services performed on their behalf and at their request. The Commonwealth had imposed a definite liability on each on account of its interest in the transaction, which would not be affected by any judgment the commissioners might render. The duty which the commissioners owed to establish the boundary was not owing to the towns, but to the Commonwealth. It was an officious and voluntary act on the part of the plaintiff town to discharge the liability of the defendant town, as it would have been to discharge any other liability properly imposed on it by law.

The defendants urge, that, even if both parties would be liable to the arbitrators, or if this were the case of an arbitration at common law, there is a clear difference in their liability arising from the fact that these were referees under a rule of court. But a reference by rule of court rests upon the agreement of parties. The fact that such agreement has been sanctioned, and that the arbitration thus derives its legal force, effect, and validity from the order of the court, does not change the relation of the parties to the referees in this respect, that they are rendering services to the parties which entitle them to compensation. Even if the court might have ordered the award to be filed on payment of a reasonable sum, it is found that the sum charged by the referees was reasonable, and the court accepted the award, so that the defendants do not have on this account any just ground of complaint. If the original suit is still to be treated as pending in the Superior Court, by reason of the motion to set aside the judgment which has been rendered upon the award of the referees on the question of costs, however this may affect the rights of the parties *inter sese*, the rights of the referees to recover their reasonable fees from them will not be thereby affected.

In certain cases, as where commissioners are appointed under a petition to the judge of probate for a partition of real estate,

these officers are treated as employed by the party petitioning, and as rendering their services at his request. *Potter* v. *Hazard*, 11 Allen, 187. *Butman* v. *Abbot*, 2 Greenl. 361. Contribution can then only be obtained from other parties after decree and allowance by the court. These cases depend on the statutory provisions applicable to them, and certainly do not aid the defendants, who were the actors in the original suit.

In the case at bar, Tileston and Hollingsworth, who were the defendants in the original suit, have actually paid the fees of the referees, and received from them an assignment of their claim against the defendants. It is certainly no more than just, when a plaintiff who has seen fit to submit to a reference under a rule of court does not see fit to pay the referees the sum necessary to obtain the award, that the defendant should be allowed to do so, and to treat one half the sum as paid on behalf of the adverse party. Whether, upon the facts existing, the action should more properly have been brought by Tileston and Hollingsworth in their own names against the defendants for money paid on their behalf, or whether it may be brought in the name of the referees, is a question not raised upon the report. *Kennedy* v. *Owen*, 131 Mass. 431. The ground upon which the defendants have placed their case, namely, that they are under no liability to pay for the services performed by them, is untenable. Had they objected that the suit should have been brought in the name of Tileston and Hollingsworth, undoubtedly a formal amendment would have been permitted, had such been deemed necessary.

*Judgment on the finding for the plaintiffs.*