## IN THE MATTER OF RECEIVERSHIP OF UNION IRON WORKS.

RECEIVER'S PETITION. BEFORE DOLE, J.

DECISION RENDERED MARCH 30, 1892. NOT HITHERTO REPORTED.

The amount of compensation for the services of receivers, not being regulated by statute, rests in the discretion of the court.

Where a receivers' sale was for $62,000 nominally, but settlement must be made by $12,000 in money and $50,000 in bonds, the purchasers being the bondholders, the receivers should not be allowed commissions on the value of the bonds, no money having passed through their hands for them, and there being no necessity that any should.

### DECISION OF DOLE, J.

The petition alleges the collection of $4006.62 on account of sales of property, and disbursements of $3669.19; and that there is due for salaries, wages, rent, taxes, costs of court, counsel fees, auction expenses and receiver's commissions $12,574.22, which accounts are itemized in accompanying exhibits; also, that all of the remaining property of the corporation, except accounts, choses in action, and a piece of machinery in litigation, was sold at auction March 19th, 1892, for $62,000 to the holders of the first mortgage bonds, and prays that the said accounts be examined and approved; that the said sale be confirmed, and that the receivers be allowed $2,500 as commissions for the said sale and for their services, both as trustees and as such receivers. The item of $2,500 was contested by the bondholders, on the ground that it was exorbitant, and because the sale represented only $12,000, the balance of $50,000 being covered by the mortgage bonds against the corporation, held by the purchasers.

There are no commissions or fees fixed by statute in this country for the remuneration of the services of receivers. Such matters, as in almost all common law countries, are in the discretion of the court. The rate of payment fixed by law for ex-

ecutors and administrators is, however, closely followed in some places in arriving at the compensation for the services of receivers. In some courts, as in Massachusetts, "the governing principle in fixing the compensation to be allowed receivers, for services rendered by them in the management of their trust, is to allow them such a sum as would be a reasonable compensation for the services of a person of ordinary ability and competent to perform the duties of the receivership. And in fixing this amount the court is not governed by the special qualifications and standing of the person who may be appointed, but will allow only what would be a reasonable amount for a person of ordinary ability performing the work, and this amount will not be fixed upon the basis of a percentage, or fixed commission, on the amount of funds collected by the receiver." *Grant vs. Bryant*, 101 Mass., 567; High on Receivers, 651.

In our practice we have generally followed the practice of allowing commissions on the funds passing through the hands of the receiver, which is perhaps the most convenient method. There will, however, sometimes be cases in which this rule would be either unjust to the receiver in not allowing him sufficient remuneration for his services, or unjust to the estate in allowing commissions to an extent out of proportion to the services rendered. In such cases the court may and should modify the rule. The sale was for $62,000 nominally, but as a matter of fact the settlement must be $12,000 in money and $50,000 in bonds. The receivers claim 5 per cent. commissions on $50,000, waiving further commissions on the balance of money collected, amounting to $16,006.62. I do not think the receivers are in a position to claim commissions on the value of the bonds, no money having passed through their hands for them, and there being no necessity that any should. I do not know that they could have properly made an unnecessary handling of moneys and claimed commissions therefor in such a case as this. *Haigh vs. Grattan*, 1 Beav., 202.

As to the question of compensation of the petitioners as trustees under the trust deeds, there is no showing made by which I am able to consider it.

I will allow compensation in the way of commissions on $16,-006.62 collected by the receivers, according to the rule of bankruptcy, amounting to $850.33. Although I do not consider that the circumstance that there are three receivers entitles them to extra compensation, the allowance being for the value of the services, yet admitting that the combined services may have been, and probably were, of greater value to the estate than could have been the assistance of one alone, and there having been no showing of the extent of such services, they are at liberty to move for further compensation upon such showing, whether as receivers or trustees.

The account of disbursements is approved, and the statement of proposed further disbursements, set forth in Exhibit B, is allowed at the discretion of the receivers, except as to the item for receivers' commissions, which is modified as herein set forth. And the said sale at auction is confirmed.

*A. S. Hartwell*, for Receivers.

*F. M. Hatch*, Contra.