ọ

ARTHUR C. THOMSON & others, executors, *vs.* FREDERICK J. CARRUTH.

SAME *vs.* HELEN P. JAMESON & others.

SAME *vs.* MARIANNA J. MARTIN & others.

SAME *vs.* CLARENCE STETSON.

Suffolk.　December 9, 1914. — December 31, 1914.

Present: LORING, BRALEY, SHELDON, DE COURCY, & PIERCE, JJ.

*Supreme Judicial Court. Probate Court,* Amendment, Appeal. *Will,* Execution.

Where, at the trial before a single justice of this court of an appeal from a decree of the Probate Court allowing a will, the jury found upon issues framed for them that the testator executed the will by signing his name on the margin of its fifth page in the presence of the attesting witnesses and that a subsequent signature made by him between the *in testimonium* and the attestation clauses constituted no part of the will, and where upon exceptions to the rulings of the single justice a rescript was issued by this court ordering that, if within a time named the petitioner for the allowance of the will should move to amend his petition by striking out from the instrument offered for probate the signature between the *in testimonium* and the attestation clauses and the motion should be finally allowed, the exceptions should be overruled, otherwise that they should be sustained, it was *held,* that a single justice of this court had jurisdiction to hear and to grant such a motion to amend the petition and that the motion rightly was allowed by him.

FOUR APPEALS taken by different next of kin from a decree of the Probate Court admitting to probate the will of Charles Herbert Pratt.

The cases previously were before this court upon exceptions taken at the trial before *De Courcy,* J., of the issue, "Was the alleged will now offered for probate executed according to law?" The decision made at that time is reported in 218 Mass. 524. The rescript issued by this court was as follows: "If within sixty days from the date of this rescript the petitioners shall make a motion to amend their petition by striking out from the instrument offered for probate as the last will and testament of Charles H. Pratt the signature between the *in testimonium* and attestation clauses, and a motion to that effect is finally allowed, the excep-

tions in this case will be overruled. · Otherwise the exceptions will be sustained."

Later the petitioners in each of the appeals filed in the Supreme Judicial Court a motion to amend the petition by striking out from the instrument offered for probate the signature between the *in testimonium* and the attestation clauses.

The motions to amend the petition were heard by *Hammond,* J. At the hearing the appellants asked the justice to make the following rulings:

"1. This court has no jurisdiction to grant the motion of the petitioners.

"2. This court has no right to allow a motion to strike out any portion of the original will."

The justice refused to make these rulings and made the following statement and ruling:

"I rule that the motion under that rescript may be filed in this court; . . . I think this motion is properly before this court. I have studied this case in its details to a great extent; I sat in the argument with the full bench; I read the evidence; I have a vivid recollection of it; I have a vivid recollection of the charge to the jury; and in the exercise of my discretion and such knowledge as I have obtained, including the arguments here to-day, I allow the motion.

"In this case I rule that this court has jurisdiction of the motion, and, having so ruled, in the exercise of my discretion the motion is granted."

The appellants excepted to the refusal of the justice to make the rulings requested, and also excepted to the ruling made by him.

*S. L. Whipple,* (*W. H. Brown* & *A. C. Vinton* with him,) for the appellants.

*C. F. Choate, Jr.,* for the appellees, was not called upon.

BRALEY, J. The appeals from the decree of the court of probate brought to this court all questions of fact as well as of law involved in the general question whether the instrument propounded should be allowed in whole or in part as the will of the testator. *Old Colony Trust Co.* v. *Bailey,* 202 Mass. 283, 288, 289.

The jury having found under the issues framed that the testator executed the will when he signed his name on the margin of the fifth page and the witnesses under the attestation clause affixed

their names, his subsequent signature appearing between the *in testimonium* and attestation clauses constituted no part of the will. But, as the decree in the Supreme Judicial Court upon appeal as in the Probate Court must follow the allegations of the petition, which asked for the allowance of the will as it appeared on its face, an amendment became necessary before the instrument could be decreed to be the will of the testator.   *Thomson* v. *Carruth,* 218 Mass. 524.

If after verdict the decree of the Probate Court had been affirmed and the case had been remanded, the amendment would have been made in that court.   *Crocker* v. *Crocker,* 198 Mass. 401.

The appeal, however, was still pending in the Supreme Judicial Court when the rescript went suggesting an amendment. That court had jurisdiction, therefore, to correct an error in the pleadings by allowing the petitioners to amend the petition in accordance with the evidence and the verdict.

The second signature, as we have said, was affixed after the will had been duly executed and had become a completed instrument; and, although not made by a stranger, it is in the nature of an interpolation, which formed no part of the will itself.

The rulings requested by the appellants were rightly refused and the order allowing the amendment is to stand.

*Exceptions overruled.*