ALFRED E. FARMER vs. GOLDE CLOTHES SHOP, INCORPORATED.

Essex.    November 10, 1916. — November 28, 1916.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Contract*, Construction, Performance and breach.

Where by a contract in writing and under seal between two parties providing for
a year's employment of one by the other, the employee among other promises
agrees "to render his services to the entire satisfaction of the" employer, if the
employer, acting in good faith, is not satisfied with the services of the em-
ployee, he is not bound to keep him in his employ, but may terminate the
contract.

But, under such a contract, if the employer in fact is satisfied, a mere pretence of
dissatisfaction stated as a ground for discharging the employee gives the em-
ployer no right to terminate the contract.

At a hearing by a judge without a jury of an action upon the contract above
described by the employee against the employer after the discharge of the
employee, the evidence was conflicting and there was evidence that an asser-
tion by the employer of dissatisfaction with the employee's services had the
ulterior purpose either to compel the employee to submit to a reduction of
salary or to remove him to make a place for another person. The judge found
for the plaintiff, and, from a ruling by the judge that under the contract the
employer had a right to discharge the employee if, acting in good faith, he was
dissatisfied with the way he was performing the contract, and from the judge's
refusal to rule that the employer had such a right to discharge if in any case
he was dissatisfied with the way the employee's services were rendered, and
from other rulings given and other rulings refused, and from the finding for the
plaintiff, it was clear that the judge found that the employee properly had
performed the services required of him and that the employer had acted in
bad faith in discharging him. The defendant alleged exceptions. *Held*, that
the exceptions must be overruled.

CONTRACT upon a contract in writing and under seal, described
in the opinion, for the employment of the plaintiff by the defend-
ant. Writ dated October 18, 1915.

In the Superior Court the action was heard by *Hall*, J., without
a jury. The material evidence is described in the opinion. At
the close of the evidence at the request of the defendant the
judge ruled as follows:

3. "If the plaintiff procured the contract on which he relies in
this case by fraud or material misrepresentations on his part, he is
not entitled to recover."

6. "The plaintiff in the contract, for an alleged breach of which

he seeks to recover, has impliedly represented himself as a capable manager of clothing stores, and the burden is on him to show such capacity on his part."

8. "The plaintiff was bound to observe and obey the shop and store rules of the defendant if he had knowledge of them, and if they were not waived by the defendant."

9. "If the plaintiff wilfully or knowingly failed to observe and obey the shop and store rules of the defendant, then the defendant was justified in severing his employment and terminating the contract with him."

10. "If the plaintiff was dishonest in his dealings and conduct with and to the defendant in relation to the subject matter of his employment, the defendant was justified in consequence of such dishonesty in terminating the contract."

12. "It is encumbent upon the plaintiff to show that he used due diligence to obtain employment elsewhere, and if he has failed to use such due diligence, then the defendant is not liable for such lack of due diligence."

13. "There is no evidence which will justify a finding for the plaintiff on that part of the contract under which he seeks to recover a percentage on gross sales."

14. "There is no evidence which will justify a recovery by the plaintiff on that part of the contract with reference to opening stores in other places than the city of Lynn."

15. "The plaintiff was bound by the terms of the contract on which he relies to render his services to the 'entire satisfaction' of the defendant, and if the defendant acting in good faith was not satisfied with the services of the plaintiff, it was not bound to keep him in its employ, but could terminate the contract."

The following rulings, asked for by the defendant, the judge refused to make:

1. "Upon all the evidence, the plaintiff has not made out a case, and is not entitled to recover."

2. "The plaintiff has not shown substantial performance on his part of the conditions of the alleged contract, and is not entitled to recover."

4. "There is sufficient evidence of material misrepresentations in this case on the part of the plaintiff to preclude him from recovering."

5. "There is sufficient evidence of fraud in this case on the part of the plaintiff to preclude him from recovering."

7. "The plaintiff has failed to sustain his burden of showing that he was a capable manager of a clothing store and cannot recover."

11. "Upon all of the evidence in this case, the defendant was justified in terminating the alleged contract."

16. "If the defendant was not satisfied with the way the plaintiff's services were rendered, it had a right to terminate its contract with the plaintiff."

The judge found for the plaintiff in the sum of $960; and the defendant alleged exceptions.

*F. E. Shaw,* for the defendant.

*H. R. Mayo,* for the plaintiff.

PIERCE, J. By the terms of a sealed instrument, the defendant promised to employ the plaintiff as a manager of its store in Lynn "for the period of one year commencing August 23, 1915, and terminating August 22, 1916." The plaintiff promised to "devote his entire time and attention, and to give his best efforts and endeavors for and to the party of the first part, and for, on behalf and in the interests of their store and enterprise of the party of the first part, and to render his services to the entire satisfaction of the party of the first part."

August 23, 1915, the plaintiff entered upon the service contracted for. Between that day and September 24, 1915, the day the store was actually opened for business, the plaintiff at the request of the defendant, and, so far as appears, to its satisfaction, went around to different towns looking for other stores for the firm, hired help, made himself acquainted in the town, and began an advertising campaign for business. After September 24, 1915, the plaintiff devoted himself entirely to the duties of his position until Monday or Tuesday of the week of October 8, 1915, at which time he was paid his salary in full and then discharged by one Moss, the vice president and managing director of the defendant company. This action was then brought for breach of the executory conditional contract of employment.

At the conclusion of the evidence the judge ruled at the request of the defendant, that "The plaintiff was bound by the terms of the contract on which he relies to render his services to the 'entire

satisfaction' of the defendant, and if the defendant acting in good faith was not satisfied with the services of the plaintiff, it was not bound to keep him in its employ, but could terminate the contract." This request, adopted as the law of the case, is the generally accepted rule, with its necessary limitation of good faith, that a contract employing a servant not to do a fixed and definite work but to render personal services, general in their nature, and especially where the employment involves considerations of fitness, business capacity, integrity, trust and confidence, falls into the class where the fancy, taste, sensibility, and judgment, of the promisor are involved. In this class of cases the promisor is free to act on his own ideas and prejudices as the case may be, if his expression of them is genuine and honest. *McCarren* v. *McNulty*, 7 Gray, 139. *Brown* v. *Foster*, 113 Mass. 136. *Hawkins* v. *Graham*, 149 Mass. 284. *Lockwood Manuf. Co.* v. *Mason Regulator Co.* 183 Mass. 25, 26. *Frary* v. *American Rubber Co.* 52 Minn. 264. *Tyler* v. *Ames*, 6 Lans. 280. *Spring* v. *Ansonia Clock Co.* 24 Hun, 175. Applying this rule the defendant had the right to discharge the plaintiff if it was genuinely and honestly, though unreasonably, dissatisfied with the service of the plaintiff. If in fact it was satisfied, a mere pretence of dissatisfaction could give no right to discharge.

The judge found for the plaintiff. In so doing he must have found that the defendant was satisfied with the services of the plaintiff, and that its claim of dissatisfaction was dishonest. It is the contention of the defendant that there is no evidence to warrant the finding of bad faith. To this we cannot give our assent. The judge saw and heard the witnesses. Upon conflicting testimony he gave requests of the defendant for rulings that required a finding for the defendant if he believed, as the defendant claims he should have done, that the plaintiff procured his position and the contract on which he relies by fraud or material misrepresentation; or that the plaintiff was dishonest in his dealings and conduct with and to the defendant in relation to the subject matter of his employment; or that the plaintiff wilfully or knowingly failed to observe and obey the shop and store rules of the defendant. The finding for the plaintiff involves not merely a negation of the alleged defaults, but an affirmation of belief in his honesty and integrity.

Upon the evidence the judge reasonably could find that the defendant had, in its assertion of dissatisfaction to the plaintiff, the ulterior purpose either to compel him to submit to a reduction in his salary through fear of loss of his position, or to remove him to make a place for another person.

We find no error in law.

*Exceptions overruled.*