NATHAN FRIED *vs.* JACK SINGER.

Suffolk.    February 16, 1922. — October 9, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, PIERCE, CARROLL, & JENNEY, JJ.

*Contract,* Construction, Performance and breach, Of personal service. *Evidence,* Presumptions and burden of proof.

At the trial of an action by an actor against one engaged in the theatrical business for damages alleged to have resulted from a discharge of the plaintiff in violation of a contract in writing, it appeared that the contract recited that the plaintiff, described as "the Artist," "stipulates that such services shall be rendered to the full and complete satisfaction of the C Amusement Company in its exclusive judgment in accordance with the terms and conditions of the franchise agreement granted by said C Amusement Company . . . with which

conditions the Artist hereby agrees that he is familiar, and which it is agreed are to be regarded as a part hereof." There was evidence that the C Amusement Company owned or controlled "all the theatres in the eastern and western States where burlesque shows," such as the plaintiff was engaged in, were given, and that the "franchise agreement" of the defendant with it provided that the defendant's production at all times should be produced in a manner satisfactory to the company "in its sole and exclusive judgment" and that the defendant would make such changes "in either the scenic production or equipment or the personnel" as the company might "require from time to time, within twenty-one days after written notice of such requirements shall have been sent to him or his agent . . . by registered mail or telegraph." There also was evidence tending to show that the plaintiff worked in theatres controlled by the company and was paid therefor by the defendant until he was discharged, that his acting was well received by the audience, that no representative of the company or of the defendant expressed any dissatisfaction with his services, and that the company never gave written notice to the defendant to make any change in the personnel of the show as required by the franchise agreement. There was no contention of bad faith on the part of the defendant. *Held,* that

(1) The burden was upon the plaintiff to prove as a condition precedent to recovery that the services rendered by him were satisfactory to the C Amusement Company;

(2) Even if the services performed by the plaintiff were satisfactory to a reasonable man, if the C Amusement Company, acting in good faith, was dissatisfied with them, the plaintiff could not recover;

(3) There was no evidence warranting a finding that the plaintiff's services were rendered to the "full and complete satisfaction of the . . . company in its exclusive judgment;"

(4) The general rule, that the burden is on an employer to allege and prove a justification for a dismissal, had no application to the contract in question.

CONTRACT for damages resulting from an alleged breach by the defendant of a contract in writing with the plaintiff for his employment as an actor. Writ dated September 26, 1919.

In the Superior Court, the action was tried before *Sanderson,* J. There was evidence that the Columbia Amusement Company, referred to in the contract between the parties, owned or controlled "all the theatres in the eastern and western States where burlesque shows are given," and issued to producers what were called "franchise agreements," one of which was issued to the defendant and was referred to in the contract of the defendant with the plaintiff. Material provisions of the contracts between the plaintiff and the defendant and between the defendant and the Columbia Amusement Company, and other material evidence, are described in the opinion.

At the close of the evidence, the defendant moved that a verdict

be ordered in his favor, upon the grounds that, as a condition precedent to the plaintiff's recovery, he must show that he performed the services contracted for to the satisfaction of the Columbia Amusement Company, and that he had offered no testimony which would warrant a verdict in his favor. The motion was denied. The judge gave to the jury, among other instructions, the following:

"1. As a condition precedent to the plaintiff's recovery it is encumbent upon him to establish by competent evidence that the services rendered to the plaintiff were to the full and complete satisfaction of the Columbia Amusement Company.

"2. If the Columbia Amusement Company, acting in good faith, was not completely satisfied with the services rendered by the plaintiff to the defendant, the plaintiff cannot recover.

"3. The plaintiff was bound by the terms of the contract on which he relied to render his services to the entire satisfaction of the Columbia Amusement Company, and if the Columbia Amusement Company, acting in good faith, was not satisfied with the services rendered by the plaintiff, the defendant was not bound to keep him in his employ but could terminate the contract.

"4. The employment of the plaintiff by the defendant involves consideration of fitness, capacity, fancy, taste and sensibility, and judgment of the Columbia Amusement Company; and the exercise by the Columbia Amusement Company in good faith of its judgment is conclusive upon the plaintiff.

"5. When the contract provides that questions as to its performance shall be committed to a third person, his decision in case the contract provides that it shall be final, is binding on both of the contracting parties in the absence of fraud or such gross mistake as would imply fraud or a failure to exercise an honest judgment."

The jury found for the plaintiff in the sum of $2,180; and the defendant alleged exceptions.

The case was argued at the bar in February, 1922, before *Rugg,* C.J., *Braley, De Courcy, Crosby,* & *Carroll,* JJ., and afterwards was submitted on briefs to all the Justices.

*J. H. Blanchard,* for the defendant.

*E. M. Dangel,* (*D. Lasker* with him,) for the plaintiff.

CROSBY, J. The plaintiff and the defendant executed an agree-

ment in writing under which the defendant (who was engaged in the theatrical business) was to employ the plaintiff (an actor) for the season of 1919–1920, which it could have been found, consisted of not less than forty successive weeks.

Paragraph "Second: (a)" of the agreement is as follows: "The Artist [the plaintiff] agrees to render his exclusive services to the Producer [the defendant] for all performances in each week in which he shall be required to appear and that may be lawfully given, and the Artist stipulates that such services shall be rendered to the full and complete satisfaction of the Columbia Amusement Company in its exclusive judgment in accordance with the terms and conditions of the franchise agreement granted by said Columbia Amusement Company hereinbefore mentioned, with which conditions the Artist hereby agrees that he is familiar, and which it is agreed are to be regarded as a part hereof." The "franchise agreement" so called, in substance provides that the defendant's show shall at all times be produced in a manner satisfactory to the Columbia Amusement Company "in its sole and exclusive judgment," and that the defendant will make such changes "in either the scenic production and equipment or the personnel of his show as the . . . (Columbia Amusement Company) may require from time to time, within twenty-one (21) days after written notice of such requirements shall have been sent to him or his agent . . . by registered mail or telegraph."

The plaintiff began his employment under the contract on or about August 18, 1919, and continued to render services until September 13 following, when he says he was wrongfully discharged by the defendant. The defendant testified that he never gave the plaintiff any notice and never discharged him, but that he left voluntarily. A copy of the contract is annexed to the plaintiff's declaration.

As the plaintiff's services were to be rendered to "the full and complete satisfaction of the Columbia Amusement Company," the defendant's liability is conditional. To recover the plaintiff must prove that the services rendered by him were satisfactory to the amusement company. We cannot agree with his contention that the burden rested upon the defendant to show that the company was not satisfied in order to avoid liability. *Whelton* v. *Tompson,* 121 Mass. 346. *Newton Rubber Works* v. *Graham,* 171 Mass. 352. *Farmer* v. *Golde Clothes Shop, Inc.* 225 Mass. 260.

A contract like the one here in question where the employee is to render personal services and where considerations of the fancy, taste, sensibility and judgment of another are involved, must be performed in accordance with its terms; and if the amusement company or its representative, acting in good faith, was not satisfied with the services of the plaintiff, he cannot recover, and the judge so instructed the jury. *McCarren* v. *McNulty*, 7 Gray, 139. *White* v. *Randall*, 153 Mass. 394. *Whittemore* v. *New York, New Haven & Hartford Railroad*, 191 Mass. 392.

Even if the work performed would be satisfactory to a reasonable man, if the amusement company, acting in good faith, was dissatisfied with it, the plaintiff cannot recover. *Williams Manuf. Co.* v. *Standard Brass Co.* 173 Mass. 356. *Farmer* v. *Golde Clothes Shop, Inc., supra.*

It is the contention of the plaintiff that he was wrongfully discharged by the defendant, and the jury undoubtedly so found, having returned a verdict in his favor.

The question is whether there was any evidence to warrant a finding that the plaintiff's services were satisfactory to the amusement company. In the absence of such evidence, he would be barred from recovery for a breach of the contract, assuming that the defendant acted in good faith and was not actuated by some ulterior motive, of which there is no evidence. *Williams Manuf. Co.* v. *Standard Brass Co., supra. Farmer* v. *Golde Clothes Shop, Inc., supra.*

The facts which could have been found from the plaintiff's testimony, that he worked in theatres controlled by the company and was paid therefor by the defendant until he was discharged, that his acting was well received by the audiences, that no representative of the company or of the defendant expressed any dissatisfaction with his services, that the company never gave written notice to the defendant to make any change in the personnel of the show as required by the franchise agreement, do not warrant an inference that the company was satisfied with the plaintiff's services. Although the burden rested upon the plaintiff to prove that the services were rendered to the "full and complete satisfaction of the . . . Company in its exclusive judgment," we are unable to find any evidence to that effect.

The rule that the burden is on the employer to allege and prove

a justification for a dismissal, has no application to cases like the present, where the liability imposed by the contract is conditional and performance of it must be averred and proved or the want of performance excused. *Whelton* v. *Tompson, supra. Barker* v. *Metropolitan Life Ins. Co.* 188 Mass. 542. *Lee* v. *Prudential Life Ins. Co.* 203 Mass. 299, 301. *Fondi* v. *Boston Mutual Life Ins. Co.* 224 Mass. 6. *Marsch* v. *Southern New England Railroad,* 230 Mass. 483, 490. *Ballard* v. *Globe & Rutgers Fire Ins. Co.* 237 Mass. 34.

In the opinion of a majority of the court, as the plaintiff failed to prove that he performed the services contracted for to the satisfaction of the amusement company, the motion of the defendant that a verdict be directed in his favor should have been granted.

*Exceptions sustained.*