JACOB WEINSTEIN & another *vs.* VICTOR MILLER.

Suffolk.    December 14, 1923. — June 13, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Contract,* Construction. *Equity Pleading and Practice,* Findings by trial judge, Appeal, Exception, Amendment. *Evidence,* Letter, Of mailing. *Partnership.* *Words,* " Personal satisfaction."

A contract in writing, which was the basis of a suit in equity, provided that the plaintiff should make for the defendant men's khaki trousers from material furnished by the defendant, the work to be done " in a manner satisfactory to the personal satisfaction of the " defendant. A judge who heard the suit ruled, " In the case at bar the words ' personal

satisfaction' in the contract . . . must be interpreted to mean 'reasonable satisfaction.'" The evidence was taken by a commissioner appointed under Equity Rule 35. The record, on an appeal by the defendant from a decree for the plaintiff, did not disclose an exception taken to the judge's ruling. *Held*, that

(1) The ruling was wrong;

(2) On the appeal the correctness of the ruling was open to review;

(3) On the appeal, this court could review the whole case and, giving due weight to the findings by the trial judge, order such decree to be entered as justice might require;

(4) Upon all the evidence, disregarding the evidence of the defendant, which the court was not bound to accept, a finding was warranted that the refusal by the defendant to accept the goods manufactured under the contract was not a decision of personal dissatisfaction made in good faith, but was a mere pretence to avoid liability.

At the trial of the suit above described, the defendant offered in evidence a copy of a letter written by his direction to the plaintiff. The judge excluded it. No offer of proof or statement was made as to the contents of the letter. By a stipulation of the parties furnished to this court on appeal from a final decree in favor of the plaintiff, to which the attention of the trial judge was not called, it was agreed that a copy of the letter "may be considered as though an offer of proof had been made in full at the time, if this court deems the letter admissible and material." *Held*, that

(1) An exception to the exclusion of the letter must be overruled;

(2) The stipulation of counsel must be disregarded and the case considered on the record presented by the original appeal from the final decree.

A bill in equity by a single plaintiff was amended by consent of the defendant and leave of court to include as a party plaintiff one, who had been a partner of the original plaintiff in the making of the contract which was the basis of the suit, but who, before the bringing of the suit, had sold his interest to the original plaintiff and had retired from the firm. The defendant answered to the merits. *Held*, that the contract by the partnership was not terminated by the retirement of one of the partners and the dissolution of the firm.

A contract in writing can be varied at common law by a parol agreement at any time before breach.

A suit in equity was based upon a contract in writing between the plaintiff and the defendant. At the hearing it appeared that the contract was modified by parol after it was made. There was a final decree for the plaintiff based upon findings by the trial judge as to the modified contract. The defendant appealed. *Held*, that, while the final decree was not in accordance with the allegations of the bill and in that sense was erroneous, the plaintiff was given leave to amend within thirty days after rescript, and, if such amendment were filed, the decree was affirmed; otherwise the decree was reversed.

BILL IN EQUITY, filed in the Superior Court on August 2, 1922, with a writ in trustee process dated July 31, 1922, by

Jacob Weinstein, doing business under the name and style of Boston Made Pants Manufacturing Company, against Victor Miller. The bill afterwards was amended to include Charles Weinstein as a joint plaintiff.

The allegations of the bill, as amended by consent of the defendant and by leave of court, were that the defendant and the plaintiffs had made an agreement in writing whereby the plaintiffs were to equip a plant and manufacture men's khaki trousers for the defendant at a certain price and subject to provisions described in the opinion. The plaintiffs, as security for the performance of the contract, were to convey all their interest in the business to the defendant. It further was alleged that the defendant had broken the contract, and the plaintiffs sought damages and a reconveyance of the business.

In the Superior Court, the suit was heard by *Keating*, J., a commissioner having been appointed under Equity Rule 35 to take the evidence. Material evidence, and findings and rulings by the trial judge are described in the opinion. By order of the judge, a final decree was entered directing a reconveyance to the defendant Jacob Weinstein and the payment to him of damages in the sum of $2,310 and costs. The defendant appealed.

The defendant, among other contentions before this court, argued that he was justified in terminating the contract because of the dissolution of the partnership between the plaintiffs, with whom the contract was made, asserting that there " was testimony that the defendant relied on the capacity of the retiring partner " when he made the contract.

*G. P. Davis*, (*A. E. Whittemore* with him,) for the defendant.

*J. C. Johnston*, for the plaintiff.

BRALEY, J. The contract for breach of which damages are sought, with a reconveyance of the personal property held by the defendant, party of the first part, as security for its performance by the plaintiffs, expressly stipulates, that in the making for the defendant of men's khaki trousers from material furnished by him at a certain price for every dozen, the work was to be done by the plaintiffs " in a manner satisfactory to the personal satisfaction of the party of

the first part." The plaintiffs were under no compulsion to enter into the contract, but having done so, they are bound by its plain and explicit terms. It has been repeatedly held, that, having engaged to perform the work to his " personal satisfaction," the plaintiffs cannot prevail if the defendant, acting in good faith, was actually and honestly dissatisfied. The question is not, whether the defendant as a reasonable man ought to have been satisfied, but whether, if not satisfied, his dissatisfaction was real, and not a mere pretence or subterfuge to escape liability. *McCarren* v. *Mc-Nulty,* 7 Gray, 139. *Aiken* v. *Hyde,* 99 Mass. 183. *Brown* v. *Foster,* 113 Mass. 136. *White* v. *Randall,* 153 Mass. 394. *Williams Manuf. Co.* v. *Standard Brass Co.* 173 Mass. 356. *Farmer* v. *Golde Clothing Co. Inc.* 225 Mass. 260. *Fried* v. *Singer,* 242 Mass. 527, 531. *Singerly* v. *Thayer,* 108 Penn. St. 291, 297. *Adams Radiator & Boiler Works* v. *Schnader,* 155 Penn. St. 394. The cases of *Hawkins* v. *Graham,* 149 Mass. 284, 287, 288, *Lockwood Manuf. Co.* v. *Mason Regulator Co.* 183 Mass. 25, *Noyes* v. *Commercial Travellers' Eastern Accident Association,* 190 Mass. 171, *C. W. Hunt Co.* v. *Boston Elevated Railway,* 199 Mass. 220, are distinguishable because the contracts in those cases do not in any form of words require that performance shall depend on the personal satisfaction of the promisee. The second and third rulings of the trial court which were given at the plaintiffs' request that, " If the work of the plaintiffs was performed in a manner that would be satisfactory to a reasonable man in view of all the circumstances, then the mere fact that the defendant was not personally satisfied is not conclusive against the right of the plaintiffs to recover"; and that, " In the case at bar the words ' personal satisfaction ' in the contract . . . must be interpreted to mean ' reasonable satisfaction,' " were erroneous. While the record does not show that the defendant excepted, these rulings are subject to review on his appeal from the final decree. *Campbell* v. *Cook,* 193 Mass. 251, 256, 257. *McCusker* v. *Geiger,* 195 Mass. 46, 52. *Kennedy* v. *Welch,* 196 Mass. 592. *Bearse* v. *Lebowich,* 212 Mass. 344, 350. *Cushman* v. *Noe,* 242 Mass. 496, 500, 501. See *Noyes* v. *Bragg,* 220 Mass. 106, 111.

The judge, notwithstanding the evidence in which the defendant at much length stated his reasons for not being satisfied, found in substance, that he ought to have been satisfied, and that, having fully performed their part of the contract, the plaintiffs were entitled to damages and to a reconveyance. But, even if this conclusion as matter of law was wrong, it still would be, under our construction of the contract, a question of fact on all the evidence, weighed with his credibility as a witness, whether the defendant had acted in good faith. *McCarren* v. *McNulty, supra, Farmer* v. *Golde Clothing Co. Inc., supra.*

The entire evidence having been taken by a commissioner is before us on the appeal. We can, therefore, review the whole case and, giving due weight to the findings of the trial judge, order such decree to be entered as justice may require. *Rubenstein* v. *Lottow,* 220 Mass. 156. *Martell* v. *Dorey,* 235 Mass. 35, 40. *Danforth* v. *Chandler,* 237 Mass. 518. *O'Riorden, petitioner,* 244 Mass. 472, 475.

The judge has found, that, while the plaintiffs performed their contract, the defendant broke it by failing to deliver stock to the plaintiffs. While the judge erroneously instructed himself as to the law, his finding that the defendant ought as a reasonable man to be satisfied with the plaintiffs' work would not have been made unless he rejected the defendant's evidence, which in effect as well as in statement was that during the period of performance he constantly complained and was personally dissatisfied with the work of the plaintiffs. If the defendant's evidence is thus discredited, we are not bound to accept it, and the finding is warranted that his refusal was not a decision of personal dissatisfaction made in good faith, but was a mere pretence to avoid liability.

The defendant offered in evidence a copy of a letter written by his direction presumably to the plaintiff Jacob Weinstein. The plaintiffs objected, " not that it is a copy, but that it hasn't yet appeared it was mailed; it was placed in some portion of the office from which somebody was supposed to take it and mail it." The defendant had previously testified without objection, that he had seen the letter, and that it

was mailed, because it was put in the ordinary place where all letters were put. " We have a box on the desk and all letters going today is put there; and my bookkeeper mails them before she goes home." The judge excluded the letter. But no offer of proof or statement having been made of the contents of the letter, the defendant under the well settled rule fails to show that he has been prejudiced. *Crowley* v. *Appleton,* 148 Mass. 98. *Smethurst* v. *Barton Square Independent Congregational Church,* 148 Mass. 261. *Farnum* v. *Pitcher,* 151 Mass. 470. *Commonwealth* v. *Smith,* 163 Mass. 411, 428, 429. *Lee* v. *Tarplin,* 183 Mass. 52. The stipulation of parties, that a copy of this letter, furnished to us by counsel, but to which the attention of the judge does not appear to have been called, " may be considered as though an offer of proof had been made in full at the time, if this court deems the letter admissible and material," should be disregarded. The " case must be considered on the record presented by the original appeal from the final decree." *Martell* v. *Dorey,* 235 Mass. 35, 40. *Somers* v. *Commercial Finance Corp.* 245 Mass. 286, 289.

The question, whether, Charles Weinstein having sold his interest in the partnership to Jacob Weinstein after the contract had been entered into, the bill as originally brought could be maintained by Jacob Weinstein in his own name, is raised. The defendant contends, that, the contract having been made with a partnership composed of Charles Weinstein and Jacob Weinstein, and Charles having sold his interest to Jacob and retired from the firm, the bill should be dismissed. The defendant not only answered to the merits, but by an amendment Charles Weinstein was joined as a plaintiff. *Palmer* v. *Sawyer,* 114 Mass. 1. *Case* v. *Minot,* 158 Mass. 577, 587, 588.

The judge states, that the parties " modified the written contract . . . and agreed orally," that for every dozen pairs of defective trousers, the defendant should be allowed a reduction of fifty cents from the contract price. A written contract can be varied at common law by parol at any time before breach. *Cummings* v. *Arnold,* 3 Met. 486, 489.

But the suit was brought on the unmodified contract, and

no amendment having been made, the defendant's contention is, that the final decree, even if in accordance with the findings, is not in conformity with the case stated in the bill. *Drew* v. *Beard*, 107 Mass. 64, 73. *Malden & Melrose Gas Light Co.* v. *Chandler*, 209 Mass. 354, 358. The plaintiffs are given leave to amend within thirty days after rescript by setting out the modified contract. *Thomson* v. *Carruth*, 218 Mass. 524; *S. C.* 220 Mass. 77. *Donovan* v. *Walsh*, 238 Mass. 356, 362; G. L. c. 231, § 125.

The defendant also urges that no damages were suffered by the plaintiffs by reason of the defendant's alleged failure to furnish more material than the quantity which he supplied, and that the finding of substantial damages was unwarranted. The question of damages was one of fact, and upon examination of the evidence, the findings cannot be said to have been plainly wrong.

We have considered all the questions argued by the defendant and the result is that, if the amendment is filed, the entry will be, decree affirmed; if the amendment is not filed the entry will be, decree reversed.

*Ordered accordingly.*